<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JAMES S. GOYDOS and MARIA E. MARTINS,<br><br>                    Plaintiffs,<br>      v.<br><br>RUTGERS, THE STATE UNIVERSITY *et al.*,<br><br>                    Defendants. | Civil Action No. 21-07895<br><br>**MEMORANDUM OPINION** |

<u>**CASTNER, District Judge**</u>

This matter comes to the Court on Plaintiffs James S. Goydos' and Maria E. Goydos' ("Plaintiffs") Motion for Partial Reconsideration ("MFPR") of this Court's October 29, 2021 Order (ECF No. 77), and Memorandum Opinion (ECF No. 76), dismissing Plaintiffs' claims against Defendant Steven K. Libutti ("Dr. Libutti")  (ECF No. 95).  The Court has decided the Motion based on the written submissions of the parties and without oral argument, pursuant to Local Civil Rule 78.1(b).  For the reasons stated below, Plaintiffs' Motion for Partial Reconsideration is **DENIED.**

**I.      BACKGROUND**

As the parties are familiar with the substantial and complex procedural history of these matters, the Court recites only the facts that are relevant to the instant Motion for Reconsideration.

On February 2, 2021, Plaintiffs filed their Second Amended Complaint ("SAC") in this Court. (ECF No. 69.)  While Plaintiffs brought several claims against Defendant Rutgers, the State University a/k/a Rutgers, the State University of New Jersey a/k/a Rutgers, Rutgers Cancer

Institute of New Jersey ("RCINJ") (collectively, the "Rutgers Defendants"), Steven K. Libutti ("Dr. Libutti"), Brian L. Strom ("Dr. Strom"), Timothy J. Fournier ("Fournier"), and Eugene Simon ("Simon"), the Court will turn its focus to the allegations against Dr. Libutti in Count Two of the Second Amended Complaint. (*See* SAC ¶¶ 245-284.) Plaintiffs brought a 42 U.S.C. § 1983 claim against Dr. Libutti for alleged violations of the Fourth Amendment. (*Id.*) Plaintiffs' SAC alleged that on October 2, 2017, Dr. Libutti "directed a Rutgers IT representative to secretly obtain a warrantless image of Dr. Goydos' office computer, while Dr. Goydos was in the clinic seeing patients." (*Id.* ¶ 252.) Plaintiff further alleged that Dr. Libutti, his attorneys, and an outside firm that assisted in the investigation, had a meeting with an Information Technology ("IT") representative and instructed him to preserve and turn over the image obtained from Dr. Goydos' computer. (*Id.* ¶¶ 253-255.) Plaintiffs also allege that Dr. Libutti directed an IT representative to "place a hold on Dr. Goydos' emails," despite the Rutgers Office of General Counsel ("OGC") being unaware of an investigation into Dr. Goydos. (*Id.* ¶¶ 256, 258.)

Defendants moved to dismiss the SAC, and the parties engaged in the appropriate motion practice. (ECF Nos. 71-73.) The Court issued an Opinion (Mem. Op., ECF No. 76), and Order (ECF No. 77), concluding that the "allegations regarding the October 2, 2017 imaging of Dr. Goydos's work computer are sufficient to raise a Fourth Amendment claim," but ultimately dismissing Dr. Libutti from the action on the grounds of qualified immunity. (Mem. Op., 15.) In dismissing Dr. Libutti, the Court concluded that

> While Plaintiffs only need to plausibly allege an argument to sustain their Fourth Amendment claim, to sustain a claim against someone in their individual capacity, Plaintiffs must allege that their constitutional right was clearly established. Here, Plaintiffs fail to allege the constitutional right was clearly established. The Court, therefore, will dismiss Dr. Libutti from the Fourth Amendment claim.

2

(*Id.* at 16.)

The Court's Order provided Plaintiff with leave to amend their Second Amended Complaint. (ECF No. 77.) Plaintiffs filed their Third Amended Complaint ("TAC") on November 29, 2021, (ECF No. 82), and Defendants moved to dismiss the TAC on January 26, 2022, (ECF No. 87). Plaintiffs filed this Motion for Partial Reconsideration pursuant to Federal Rules of Civil Procedure ("Rules") 59(e) and 60(b) on September 20, 2022, and the parties engaged in the appropriate motion practice. (ECF Nos. 95-99.)

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). However, in this District, motions for reconsideration are governed by Local Civil Rule 7.1(i). Local Rule 7.1(i) requires that a movant submit "concisely the matter or controlling decisions which the party believes the Judge has overlooked. . . ." L. Civ. R. 7.1(i). A court may only grant a Motion for Reconsideration if "(1) there has been an intervening change in the controlling law; (2) evidence not available when the Court issued the subject order has become available; or (3) it is necessary to correct a clear error of law or fact to prevent manifest injustice." *Mondelli v. Delzotti* (*In re Mondelli*), 2011 U.S. Dist. LEXIS 67231, at *3 (D.N.J. June 23, 2011).

A motion for reconsideration is an "extremely limited procedural vehicle." *Leja v. Schmidt Mfg., Inc.*, 743 F. Supp. 2d 444, 456 (D.N.J. 2010) (quotation omitted). "The purpose of a motion for reconsideration is 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (quoting *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). Generally, the party that seeks reconsideration of the Court's decision must show more than "a disagreement with the Court's decision."

*Panarello v. City of Vineland*, 2016 U.S. Dist. LEXIS 87907, at *10 (D.N.J. July 7, 2016) (internal citation and quotation omitted). It is insufficient to simply "recapitulat[e]…the cases and arguments considered by the court before rendering its original decision. . . ." *Id.* Ultimately, a Motion for Reconsideration should not "provide the parties with an opportunity for a second bite at the apple." *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 532 (D.N.J. 1998) (citation omitted).

As it has clearly been more than the 28-day timeframe set out in Rule 59(e), Plaintiffs concede that their motion must be brought under Rule 60. (*See* MFPR, 5.) Rule 60 allows a court to provide litigants "[r]elief . . . from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). The following reasons are appropriate reasons for relief to be granted under Rule 60(b):

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

*Id.* "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence," *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005), as well as "inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1). Rule 60 offers "extraordinary relief which should be granted only where extraordinary justifying circumstances are present." *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991); *see also Kock v. Gov't of the V.I.*, 811 F.2d 240, 246 (3d Cir. 1987) (stating that Rule 60 "must be applied 'subject to the proposition[] that the finality of judgments is a sound principle that should not lightly be cast aside'"). A Rule 60(b) motion "may not be used

4

as a substitute for appeal, and . . . legal error, without more, cannot justify granting a Rule 60(b) motion." *Holland v. Holt*, 409 F. App'x 494, 497 (3d Cir. 2010) (citation omitted).  A motion under Rule 60(b) may not be granted where the moving party could have raised the same legal argument by means of a direct appeal. *Id.*

### III.   DISCUSSION

Here, because Plaintiff brings his Motion under Rule 60, and because Local Civil Rule 7.1(i) governs motions for reconsideration in this District, the Court will address each rule in turn.

#### a.   Rule 60

"The remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it." *Jones v. Citigroup, Inc.*, No. 14-6547, 2015 WL 3385938, at *3 (D.N.J. May 26, 2015) (quoting *Moolenaar v. Gov't of the Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987)).  "Rule 60(b) allows a party to seek relief from a *final judgment*, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence[,]" *Gonzalez*, 545 U.S. at 528, as well as "inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1) (emphasis added).

Here, the Court must conclude that Plaintiffs' motion fails to meet the requirements of Rule 60(b).  "[A] motion under Rule 60(b) requires a '*final* judgment, order, or proceeding.'" *Khan v. Dell Inc.*, Civil Action No. 09-3703, 2013 U.S. Dist. LEXIS 62030, at *6 (D.N.J. Apr. 26, 2013) (quoting Fed. R. Civ. P. 60(b) (emphasis added).  *See Penn W. Assoc., Inc. v. Cohen,* 371 F.3d 118, 125 (3d Cir. 2004) (holding that "Rule 60(b) 'applies only to 'final' judgments and orders'" and defining a final judgment/order as "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment") (citations omitted)."

5

The Court's October 29, 2021 Order is not a final order for purposes of a motion brought under Rule 60(b). The Court granted the Motion to Dismiss on Counts One and Counts Four through Ten, dismissing them without prejudice, dismissed Dr. Libutti, Dr. Strom, Fournier, and Simon from Count Two in their individual capacities, but critically for purposes of this Motion for Partial Reconsideration, denied the Motion to Dismiss regarding Counts Two and Three. (ECF No. 77.) The Court also granted leave to amend. (*Id.*)

The Court's Order cannot be considered a final order because Counts Two and Three have not been dismissed in their entirety. The Court notes that Plaintiff does not appear to dispute this argument in their Reply. (*See generally* Plaintiffs' Brief in Reply to Defendants' Opposition to Motion for Partial Reconsideration of the Court's October 29, 2021 Order and Memorandum ("Reply"), ECF No 99.) Instead of directly addressing Defendants' arguments that the Order Plaintiffs' move to reconsider is not final for purposes of Rule 60(b), Plaintiffs instead appear to concede the legitimacy of the "technical argument" raised by Defendants, and request that this Court relax the requirements of Rule 60(b) in the interest of justice and to further judicial economy. (*Id.* at 7.) The Court declines to do so, especially in light of Plaintiffs' decision to file the TAC, and the pending Motion to Dismiss.

It is clear to this Court that the Order is not final. *See State Nat'l Ins. Co. v. Cty. of Camden*, 824 F.3d 399, 406 (3d Cir. 2016) ("The … order dismissing [an individual defendant]—and not all of the defendants—was not a final order. . . . Thus, because the underlying dismissal of Whiteside was not a 'final judgment, order, or proceeding,' [the plaintiff]'s Rule 60(b)(6) motion was not a proper avenue by which to challenge her dismissal."). Because Rule 60(b) only permits parties to seek relief from a final judgment or order, Plaintiffs' Motion for Partial Reconsideration must be denied.

b. *Local Civil Rule 7.1*

Motions for Reconsideration in New Jersey are governed by Local Civil Rule 7.1(i), and the Court will briefly address the parties more substantive arguments pursuant to its guidance. Reconsideration is an extraordinary remedy that is rarely granted. *Interfaith Cmnt Org. v. Honeywell Int'l Inc.*, 215 F. Supp. 2d 482, 506-07 (D.N.J. 2002). There are three grounds for reconsideration: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence that was previously unavailable; or (3) to correct a clear error of law or to prevent manifest injustice. *Id.*

Plaintiffs do not point to any intervening change in controlling authority, but rather bring to the Court's attention new evidence that Plaintiffs assert would warrant reconsideration. Plaintiffs' motion hinges entirely on the report of "John Lucich of eForensix, a computer forensics analyst and expert and former law enforcement." (MFPR, 2.) Plaintiffs attach the Lucich report as Exhibit B to their motion. (*See* Lucich Report, ECF No. 95-3, 33-39.) Plaintiffs' moving papers assert that the Lucich report constitutes newly discovered evidence surrounding the forensic analysis of Dr. Goydos' discovery. (MFPR, 8.)

The Third Circuit has instructed that Rule 60(b)(2) "requires that the new evidence (1) be material and not merely cumulative, (2) could not have been discovered before trial through the exercise of reasonable diligence and (3) would probably have changed the outcome of the trial." *Compass Technology, Inc. v. Tseng Laboratories, Inc.*, 71 F.3d 1125, 1130 (3d Cir. 1995) (*accord Floorgraphics Inc. v. News Am. Mktg. In-Store Servs.*, 434 F. App'x 109, 111 (3d Cir. 2011)).

First, the Court concludes that the newly discovered evidence Plaintiffs' purport to present is not sufficiently material and would not have changed the Court's decision. The Court clearly explained the law surrounding qualified immunity for individual defendants in its Opinion:

> "Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Walker,* 905 F.3d at 143 (quoting *Taylor v. Barkes,* 575 U.S. 822, 825 (2015)). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Walker,* 905 F.3d at 143 (quoting *Mullenix v. Luna,* 577 U.S. 7, 12 (2015)). To resolve a claim of qualified immunity, courts engage in a two-pronged inquiry: "(1) whether the plaintiff sufficiently alleged the violation of a constitutional right, and (2) whether the right was 'clearly established' at the time of the official's conduct." *L.R. v. Sch. Dist. of Phila.,* 836 F.3d 235, 241 (3d Cir. 2016) (citing *Pearson v. Callahan,* 555 U.S. 223, 232 (2009)).

(Opinion, 15-16.) The Court went further and stated: "While Plaintiffs only need to plausibly allege an argument to sustain their Fourth Amendment claim, to sustain a claim against someone in their individual capacity, Plaintiffs must allege that their constitutional right was clearly established. Here, Plaintiffs fail to allege the constitutional right was clearly established." (*Id.* at 16.)

The Court has reviewed Plaintiff's expert report and finds it unavailing for purposes of abrogating Dr. Libutti's qualified immunity. First, the Court concludes that the information contained in the Lucich report is simply a more detailed version of the allegations made by Plaintiffs in their SAC. (*Compare* SAC ¶¶ 245-284 *with* Lucich Report.) Specifically, the SAC asserts that Dr. Libutti directed a Rutgers IT representative to obtain images of Dr. Goydos' office computer, directed them to preserve that information, and did so despite no formal investigation pending at that time against Dr. Goydos. (SAC ¶¶ 252-259.) The Lucich report says largely the same, again asserting that "IT professionals working at the direction of other targets," presumably

8

Dr. Libutti, accessed Dr. Goydos' computer and made a "copy of the file system," which was later destroyed. (Lucich Report, 33.) The report also alleges that these actions resulted in the evidence that was later gathered from Dr. Goydos' computer being tainted in a manner that casts doubt on this Court's previous decisions. (*See id.* at 34-35.)

The Court is unpersuaded by Plaintiffs' assertions for several reasons. First, this information is cumulative in that it does little to provide new allegations that would support a claim that would survive the bar of qualified immunity, but rather simply provides additional detail to the allegations made in the SAC. Further, the Court would be remiss if it did not note that the Lucich report does not conclusively determine that Dr. Libutti is responsible for the allegations contained therein. It clearly states that there are open questions as to how certain files were created on Dr. Goydos' computer and that additional information and evidence is necessary to answer these outstanding questions. (Lucich Report, 38.)

As the Court considers the evidence in the Lucich report as largely cumulative of the allegations before the Court in the Second Amended Complaint, it is clear that the additional evidence presented at this time would not have changed the Court's decision.

Here, Plaintiff has failed to cite to any intervening change in controlling authority and, as discussed above, has not presented any newly discovered evidence that would have changed the Court's decision when it was rendered. The only relevant line of inquiry remaining, therefore, is whether the Court committed a clear error when it dismissed Dr. Libutti pursuant to qualified immunity. "A court commits clear error of law only if the record cannot support the findings that led to the ruling." *Rich v. State*, 294 F. Supp. 3d 266, 272 (D.N.J. 2018) (internal quotation omitted) (citation omitted). "Thus, a party must do more than allege that portions of a ruling were erroneous in order to obtain reconsideration of that ruling; it must demonstrate that (1) the holdings on which

it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *ABS Brokerage Servs., LLC v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citation omitted). A moving party's "[m]ere 'disagreement with the Court's decision'" is insufficient to show a clear error of law. *Id.* (*citing P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)).

Plaintiff has failed to demonstrate that the Court's dismissal of Dr. Libutti was without basis in the record or a clear error of law. Instead, the Court concludes that the Motion for Partial Reconsideration is simply being used to re-argue claims that have already been decided by this Court. A motion for reconsideration is not an opportunity to ask the Court to rethink what it has already thought through. *See Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507. "Rather, the rule permits a reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Id.* (quoting *Resorts Int'l v. Greate Bay Hotel & Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992)).

IV. **CONCLUSION**

For the reasons stated above, and for good cause shown, Plaintiffs' Motion for Reconsideration is **DENIED**. An appropriate order follows.

Date: February 27, 2022                                    */s/ Georgette Castner*

                                                           GEORGETTE CASTNER, U.S.D.J.