NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES S. GOYDOS and MARIA E. MARTINS,<br><br>            Plaintiffs,<br><br>   v.<br><br>RUTGERS, THE STATE UNIVERSITY, *et al.*,<br><br>            Defendants. | Civil Action No. 19-08966 (GC) (DEA)<br><br>**MEMORANDUM ORDER** |

**CASTNER, U.S.D.J.**

      This matter comes before the Court upon Defendants Rutgers, the State University, and the Rutgers Cancer Institute of New Jersey's motion for partial reconsideration (ECF No. 109) of the Court's February 28, 2023, Opinion and Order (ECF Nos. 102, 103) denying the Rutgers Defendants' motion to dismiss Plaintiff James Goydos and Maria E. Martins's claim of a Fifth Amendment violation (count three) in the Third Amended Complaint (TAC) (ECF No. 82).[1] Plaintiffs opposed (ECF No. 111); the Rutgers Defendants could not reply, according to Local Civil Rule 7.1(d)(3), but requested oral argument. The Court has carefully considered the parties' submissions and decides the motion without oral argument pursuant to Federal Rule of Civil Procedure ("Rule") 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, the Rutgers Defendants' motion is **DENIED**.

---

[1] On March 14, 2023, the Court entered an Order referring this action to mediation, staying all proceedings and deadlines, including those under Local Civil Rule 7.1(i) and Federal Rule of Civil Procedure 59. (*See* ECF Nos. 106, 107.)

Although the Federal Rules of Civil Procedure do not expressly authorize motions for reconsideration, this District's Local Civil Rules permit such motions if the movant (1) files its motion "within 14 days after the entry" of the challenged order and (2) sets "forth concisely the matter or controlling decisions which the party believes the Judge has overlooked." L. Civ. R. 7.1(i). Motions for reconsideration are "extremely limited procedural vehicle(s)" that are to be granted "very sparingly." *Clark v. Prudential Ins. Co. of Am.*, 940 F. Supp. 2d 186, 189 (D.N.J. 2013) (citations and quotation marks omitted). They may be granted only if the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (citations and emphasis omitted). They are "not a vehicle for a litigant to raise new arguments or present evidence that could have been raised prior to the initial judgment." *CPS MedManagement LLC v. Bergen Reg'l Med. Ctr., L.P.*, 940 F. Supp. 2d 141, 168 (D.N.J. 2013). And it is improper to "ask the court to rethink what it ha[s] already thought through—rightly or wrongly." *Lynch v. Tropicana Products, Inc.*, Civ. No. 11-07382, 2013 WL 4804528, at *1 (D.N.J. Sept. 9, 2013) (quoting *Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co. of Maryland*, 744 F. Supp. 1311, 1314 (D.N.J. 1990)).

The Rutgers Defendants raise no grounds justifying reconsideration.[2] They first argue that the Court overlooked that Dr. Goydos "declined" to provide the type of "testimonial, incriminating, and compelled" statement required for triggering Fifth Amendment protection.

---

[2]  For a detailed recitation of the factual background and amendments to the complaints, see the Court's prior opinions at ECF Nos. 76 & 102.

(ECF No. 109-1 at 7-9.[3]) The Rutgers Defendants made this exact same argument, applying the exact same caselaw to the exact same key facts, in both of their unsuccessful motions to dismiss the Second Amended Complaint (SAC) and TAC. (*See* ECF No. 71 at 22 ("Plaintiff's SAC does not allege that Plaintiff Goydos made any 'communication' that was 'compelled' by Defendants."); ECF No. 87-1 at 26 ("Based on this undisputed fact that Plaintiff Dr. Goydos made no statement whatsoever, Plaintiffs fail to state a valid Fifth Amendment claim.").) The Court sees no reason to rehash the argument.[4]

The Rutgers Defendants next argue that the Court "mistakenly relied on Plaintiffs' erroneous allegation that Rutgers was required to offer immunity." (ECF No. 109-1 at 11.) The "erroneous allegation[s]" are as follows: *first*, "Neither the Rutgers Defendants, nor their partners in the [Middlesex County Prosecutors Office] or [Rutgers University Police Department], offered Dr. Goydos immunity from the use of any potential statements in criminal prosecution as a condition of the deposition-like interview"; and *second*, "Indeed, the Rutgers Defendants did so without ever offering Dr. Goydos immunity from the use of any potential statements in criminal prosecution." (ECF No. 82 ¶¶ 334, 340; *see* ECF No. 109-1 at 14.)

The Rutgers Defendants again reassert an argument that it made in their prior motion to dismiss, which the Court denied. (*See* ECF No. 87-1 at 26 ("Plaintiffs' addition in their TAC of allegations that Rutgers requested an interview 'without ever offering Dr. Goydos immunity from the use of any potential statements in criminal prosecution' improperly insinuates that there were

---

[3] Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

[4] The two new TAC allegations, which the Rutgers Defendants say make "Count Three of Plaintiffs' TAC *not* substantially identical to Count Three of their SAC," concern Defendants' immunity argument below but have no effect on Defendants' testimonial-statement argument. (ECF No. 109-1 at 7, 10.)

statements that would require immunization to begin with." (quoting ECF No. 82 ¶ 340)).) Here, too, the Court sees no reason to relitigate an argument that it considered and rejected.

Having been presented no intervening change in relevant law, new evidence that was unavailable at the time of the February 2023 ruling, or error of fact or law that, if left uncorrected, would result in manifest injustice, the Court denies the Rutgers Defendants' motion for reconsideration.

For the reasons set forth above, and other good cause shown,

**IT IS** on this 28th day of December 2023 **ORDERED** as follows:

1. The Rutgers Defendants' motion for partial reconsideration (ECF No. 109) is **DENIED**.

2. The Clerk's Office is directed to **TERMINATE** Defendants' motion (ECF No. 109).

*s/ Georgette Castner*
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**