# blicklaw llc

## Attorneys at Law

*Kara A. Findel, Esq.*
*Direct: 848.300.0853*
*Mobile: 908.839.0372*
*kfindel@blicklaw.com*

220 Davidson Avenue, Suite 408
Somerset, New Jersey 08873
T - 848.222.3500
F - 848.222.3550
blicklaw.com

April 1, 2025

<u>VIA ECF</u>
Honorable Justin T. Quinn, U.S.M.J.
United States District Court of New Jersey
402 East State Street
Trenton, New Jersey 08608

  *RE: Goydos v. Rutgers, The State University of New Jersey*
   Civil Action No. 3:19-cv-08966-RAK-JTQ

Dear Judge Quinn:

  This firm represent Plaintiffs James S. Goydos and Maria E. Martins in the above-referenced matter. Pursuant to the Court's March 25, 2025 text Order, I am responding to Your Honor's directive to file a letter identifying any discovery issues that the parties believe are unresolves from the previous status conference in December. Our office has attempted to conferred with Defendant's counsel regarding submitting a joint letter, however, there is disagreement as to the scope. Therefore, Plaintiffs submit their own letter to the Court.

  On December 6, 2024, Plaintiffs submitted a letter to Your Honor regarding Defendant's deficient responses to Plaintiff's interrogatories and document demands. <u>See</u> ECF Doc. 155. <u>Also See</u> December 4, 2024 correspondence attached hereto as Exhibit "A". Specifically in the December 6, 2024 letter, is a copy of Plaintiff's deficiency letter dated August 19, 2024 which identified specifically the deficient interrogatories and document requests, Defendant's relevant response, and a brief explanation as to why Plaintiffs deemed Defendant's response deficient. On December 23, 2024, Your Honor issued a text order requesting only the Plaintiff to produce additional discovery material. The Order was silent regarding whether or not Defendant should be required to produce same. <u>See</u> ECF Doc. 160. Accordingly, Plaintiffs respectfully requests the Court to compel Defendant's to produce all additional documents and information requested.

**blick**law~llc~

Hon. Justin T. Quinn, U.S.M.J.
April 1, 2025
Page 2 of 2

Thank you for the Court's attention to this matter.

Respectfully submitted,

KARA A. FINDEL, ESQ.

cc: All counsel of record via ECF

# EXHIBIT A

# blicklaw llc

## Attorneys at Law

*Kara A. Findel, Esq.*
*Direct: 848.300.0853*
*Mobile: 908.839.0372*
*kfindel@blicklaw.com*

220 Davidson Avenue, Suite 408
Somerset, New Jersey 08873
T - 848.222.3500
F - 848.222.3550
blicklaw.com

December 6, 2024

VIA ECF
Hon. Justin T. Quinn, U.S.M.J.
United States District Court for the District of New Jersey
402 East State Street, Chambers 4050
Trenton, New Jersey 08608

> Re: *Goydos, et al. vs. Rutgers, The State University of New Jersey*
> *Civil Action No. 3:19-cv-08966-RAK-JTQ*

Dear Judge Quinn:

This firm represents Plaintiffs, James S. Goydos and Maria E. Martins, in the above-captioned matter. Pursuant to the text order dated December 5, 2024, I am proving the Court with the specific interrogatories and document requests that are at issue.

For convenience, I have provided a copy of Defendant Rutgers responses to Interrogatories (Exhibit "A"), Defendant's responses to request for the production of documents (Exhibit "B"), Plaintiffs' deficiency letter identifying the specific interrogatories and document requests and explanation why the responses are deficient (Exhibit "C"), and Defendant's letter response to Plaintiffs' deficiency letter ("Exhibit "D").

Thank you for the Court's attention to this matter.

Respectfully submitted,

KARA A. FINDEL, ESQ.

cc: All counsel of record with eCourts.

# EXHIBIT A

# jackson lewis ®

Representing Management Exclusively in Workplace Law and Related Litigation

**Jackson Lewis P.C.**
200 Connell Drive
Suite 2000
Berkeley Heights NJ 07922
Tel 908 795-5200
Fax 908 464-2614
**www.jacksonlewis.com**
Jason C. Gavejian – Managing Principal

| | | | |
|---|---|---|---|
| ALBANY, NY | DETROIT, MI | MINNEAPOLIS, MN | RALEIGH, NC |
| ALBUQUERQUE, NM | GRAND RAPIDS, MI | MONMOUTH COUNTY, NJ | RICHMOND, VA |
| ATLANTA, GA | GREENVILLE, SC | NASHVILLE, TN | RIVERSIDE, CA |
| AUSTIN, TX | HARTFORD, CT | NEW ORLEANS, LA | SACRAMENTO, CA |
| BALTIMORE, MD | HOUSTON, TX | NEW YORK, NY | SALT LAKE CITY, UT |
| BERKELEY HEIGHTS, NJ | INDIANAPOLIS, IN | NORFOLK, VA | SAN DIEGO, CA |
| BIRMINGHAM, AL | JACKSONVILLE, FL | OMAHA, NE | SAN FRANCISCO, CA |
| BOSTON, MA | KANSAS CITY REGION | ORANGE COUNTY, CA | SAN JUAN, PR |
| CHARLOTTE, NC | LAS VEGAS, NV | ORLANDO, FL | SEATTLE, WA |
| CHICAGO, IL | LONG ISLAND, NY | PHILADELPHIA, PA | SILICON VALLEY, CA |
| CINCINNATI, OH | LOS ANGELES, CA | PHOENIX, AZ | ST. LOUIS, MO |
| CLEVELAND, OH | LOUISVILLE, KY | PITTSBURGH, PA | TAMPA, FL |
| DALLAS, TX | MADISON, WI | PORTLAND, OR | WASHINGTON DC REGION |
| DAYTON, OH | MIAMI, FL | PORTSMOUTH, NH | WHITE PLAINS, NY |
| DENVER, CO | MILWAUKEE, WI | PROVIDENCE, RI | |

JOHN K. BENNETT
Direct Dial: 908-795-5129
Email Address: john.bennett@jacksonlewis.com

July 9, 2024

**VIA E-MAIL AND REGULAR MAIL**
Shaun I. Blick, Esq.
Blick Law LLC
220 Davidson Avenue, Suite 300
Somerset, New Jersey 08873

Re: Goydos et al. v. Rutgers et al.
Docket No.: 3:19-cv-08966-RK-JTQ

Dear Mr. Blick:

Confirming our phone conversation earlier this afternoon, we are serving you with Defendant Rutgers, The State University of New Jersey's objections and answers to Plaintiff James Goydos' interrogatories, and Rutgers' objections and responses to Plaintiff Goydos' requests to produce documents.

Now that the Discovery Confidentiality Order has been signed and filed by the Court [Doc. No. 47], we will produce the responsive documents via BISCOM and under separate cover. Enclosed please find a PDF document with directions on how to access the documents via BISCOM. Should you have any trouble accessing the documents, please let us know.

Very truly yours,

JACKSON LEWIS P.C.

John K. Bennett

JKB/lcs
Enclosures
cc:    Mark A. Speed, Esq. (via e-mail w/ encls.)

John K. Bennett, Esq. (Bar ID# 024201980)
Robert J. Cino, Esq. (Bar ID# 030672008)
JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, New Jersey 07922
(908) 795-5200
ATTORNEYS FOR DEFENDANT
RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JAMES S. GOYDOS and MARIA E. MARTINS, | : Civil Action No. 3:19-cv-8966 |
| Plaintiffs, | : |
| vs. | : **DEFENDANT RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY'S ANSWERS AND OBJECTIONS TO PLAINTIFF JAMES S. GOYDOS' INTERROGATORIES** |
| RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY, et al., | : |
| Defendants. | : |

TO:   Shaun I. Blick, Esq.
     Blick Law LLC
     220 Davidson Avenue, Suite 300
     Somerset, NJ 08873
     Attorneys for Plaintiffs

Defendant, Rutgers, The State University of New Jersey ("Rutgers" or "the University"),

for its answers and objections to Plaintiff James S. Goydos' interrogatories, responds as follows:

## GENERAL OBJECTIONS

Rutgers has endeavored, at this stage of this litigation, to respond to Plaintiff's

interrogatories based on the data and materials presently available. Persons who are non-parties

and who are not now employees of Rutgers may have information relevant to the subject matter of

Plaintiff's interrogatories, but Rutgers is not purporting to provide in these responses data and material that is presently possessed by such persons, if any such data and/or material exists.

Rutgers' responses are made without waiving any of the following general objections:

1. Rutgers objects to each interrogatory to the extent that it seeks information which is not within the scope and limits of permissible discovery pursuant to Federal Rules of Civil Procedure 26 (b) and 33 (a).

2. Rutgers objects to each interrogatory to the extent that it requests confidential and proprietary information.

3. Rutgers objects to each interrogatory to the extent that it requests information which is subject to the attorney-client privilege, the work-product privilege, and any other privileges of which is material prepared in anticipation of litigation or for trial.

4. Rutgers objects to each interrogatory to the extent that it would require Rutgers to obtain information from persons over whom Rutgers has no control.

5. Rutgers objects to each interrogatory to the extent that it is vexatious, unduly burdensome, and/or designed solely to harass Rutgers.

6. Rutgers objects to each interrogatory to the extent that it is vague, ambiguous, overbroad or otherwise lacks sufficient precision to permit a response.

7. Rutgers objects to each interrogatory to the extent that it seeks legal theories or conclusions rather than factual responses.

8. Rutgers objects to each interrogatory to the extent that they define any word more broadly than or inconsistent with the plain and ordinary meaning of that word. All responses to the Interrogatories are based on the plain and ordinary meaning of the terms used.

9.   Rutgers' responses to Plaintiff's interrogatories are subject to revision following the completion of Dr. Goydos' criminal proceedings, when Rutgers should be permitted access to the materials maintained by the Middlesex County Prosecutors Office relating to the criminal prosecution of Dr. Goydos, copies of which Dr. Goydos presumably obtained during discovery in the criminal proceeding against him.

Rutgers reserves the right at any time to revise, correct, modify, supplement and/or clarify any of the responses provided herein.

JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, NJ 07922
(908) 795-5200
Attorneys for Defendant,
Rutgers, The State University of New Jersey

By:   _____
John K. Bennett
Robert J. Cino

Dated: June 24, 2024

3

## INTERROGATORY NO. 1.

Describe in detail all actions and/or efforts performed by Rutgers and/or any investigators, agents, and/or employees acting on its behalf as to the incident in which a camera was found in the women's bathroom at CINJ.

### OBJECTIONS AND ANSWER

Rutgers objects to this interrogatory as it is vague, ambiguous, overly broad, unduly burdensome, and not properly limited in time or scope. Rutgers further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and/or attorney work-product doctrine. Subject to and without waiving the foregoing objections, Rutgers responds as follows:

The University became aware of the September 19 and 20, 2017 anonymous complaints submitted to Crime Stoppers of Middlesex County and the Rutgers Compliance Helpline alleging that the Director of Rutgers Cancer Institute of New Jersey ("RCINJ") Dr. Steven K. Libutti, had placed a camera in the second-floor women's restroom at RCINJ (collectively "the Anonymous Complaints"). The University took appropriate steps to determine who was responsible for the alleged acts described in the Anonymous Complaints. Outside counsel was retained and an internal workplace investigation was conducted. During the workplace investigation, data was collected and reviewed from electronic sources, databases, programs, departments, devices, records, logs and individuals. The information was carefully reviewed and analyzed. During the investigation, there were site visits to RCINJ to develop an understanding of the facilities, doors, swipe card system, and RCINJ's operations. The information evaluated included personnel records, parking records, University policies and procedures, access reports,

work schedules, maintenance records, calendars, emails, text messages, photographs, payroll records, work orders, attendance records, floor plans and images of electronic devices.

Plaintiff's Rutgers-issued cell phone and desktop computer were among the electronic devices reviewed for potentially relevant information. At the time Plaintiff's Rutgers-issued desktop computer was imaged, there was reason to believe potentially relevant information to the investigation would be discovered because, among other things: (i) Dr. Goydos previously was found present, without authorization, in the locked Director's Suite during non-business hours; (ii) Dr. Goydos had a dispute with Dr. Libutti; (iii) Dr. Goydos was known to be disgruntled; (iv) Dr. Goydos intentionally took steps contrary to the interests of RCINJ, including discouraging a promising faculty recruit from accepting RCINJ's offer of employment; and (v) Dr. Goydos, without University authorization or assistance, renovated his University office, including electrical system modifications and installation of a surveillance camera.

As part of the investigation to determine who was responsible for the alleged misconduct identified in the Anonymous Complaints, individuals with potentially relevant knowledge were interviewed, including administrative staff, doctors, facilities employees, housekeepers, loading dock personnel, maintenance workers, information technology employees, lab personnel and others. Plaintiff was among the approximately fifty individuals that were asked to be interviewed as part of Rutgers' workplace investigation of the allegations in the Anonymous Complaints. Like the other individuals, Plaintiff was asked if he would be interviewed as part of the investigation. Through his counsel, Plaintiff refused to be interviewed. At no time was Plaintiff threatened by outside counsel or anyone else to be interviewed. Rutgers did not compel Dr. Goydos to answer any questions or make any requests or demands that he waive any privileges or rights.

5

Rutgers declined to provide Dr. Goydos with the subject matter of the investigation, as it had done when the same request was made by other individuals interviewed.

Due to the criminal proceedings subsequently brought against Dr. Goydos, Rutgers did not complete its workplace investigation of the Anonymous Complaints and has not been privy to evidence confiscated by the MCPO when it executed various search warrants at RCINJ and Dr. Goydos' home. However, the University learned that on March 30, 2018, the MCPO executed a search warrant at Plaintiff's residence and, among other extensive evidence of crimes unearthed by the MCPO that day, the MCPO located an assault rifle in Dr. Goydos' workspace in the basement of his residence. On that same date, Dr. Goydos was charged in a criminal complaint with knowingly possessing an assault firearm in violation of N.J.S.A. 2C:39-5F. By letter dated March 30, 2018, Dr. Brian L. Strom, Chancellor of Rutgers Biomedical and Health Sciences and the Executive Vice President for Health Affairs at Rutgers University, notified Dr. Goydos that he was being placed on administrative leave with pay pending an investigation regarding events at RCINJ. On December 14, 2018, before the Middlesex County grand jury issued Dr. Goydos a 160-count criminal indictment and while he remained on paid administrative leave, Dr. Goydos voluntarily and unconditionally resigned his employment.

Rutgers has been unable to complete its workplace investigation of the Anonymous Complaints while the criminal matter has been pending. Rutgers has not been granted access to the evidence MCPO gathered as part of its investigation that ultimately resulted in Dr. Goydos' voluntary and knowing guilty plea on December 9, 2019 to several crimes, including: second-degree computer theft, N.J.S.A. 2C:20-25(e); second-degree official misconduct, N.J.S.A. 2C:30-2(a); second-degree possession of an assault rifle, N.J.S.A. 2C:39-5(f); third-degree burglary,

6

N.J.S.A. 2C:18-2(a)(1); third-degree computer theft, N.J.S.A. 2C:20-25(a); and fourth-degree

impersonation, N.J.S.A. 2C: 21-17(a)(4).

## INTERROGATORY NO. 2.

Identify the individual(s), if any, who authorized the imaging of Dr. Goydos' computer and identify any policy or procedure upon which they relied in imaging the computer. If more than one image was taken, specify the dates of those images and provide copies of same.

## OBJECTIONS AND ANSWER

Rutgers objects to this interrogatory as it is vague, ambiguous, overly broad, unduly burdensome, not properly limited in time or scope, and seeks information which is neither relevant to the subject matter of this litigation nor proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the burden and/or expense of the discovery sought outweighs its likely benefit. Rutgers further objects to this interrogatory to the extent it seeks information protected by the attorney-client and/or attorney work-product doctrine. Subject to and without waiving the foregoing objections, Rutgers responds as follows:

In or around September 2017, due to the false allegations brought against him relating to the camera found in the RCINJ second-floor women's restroom, Dr. Libutti retained private counsel. In or around October 2017, Dr. Libutti requested an image be taken of Plaintiff's work computer so that it would be preserved. Then-Chief Administrative and Operating Officer, Linda Tanzer, requested of then-RCINJ Director of Information Systems and Technology, Adrian Rodriguez that an image be made of Plaintiff's work computer. At the direction of Mr. Rodriguez, then-Tech Support Manager Barry Shandolow made an image of Plaintiff's work computer. Mr. Shandolow began imaging Plaintiff's work computer on October 2, 2017. The imaging concluded after midnight on October 3, 2017. Mr. Shandolow was not told why Plaintiff's work computer needed to be imaged. This image is not in Rutgers' possession, custody, or control.

Rutgers retained outside counsel to conduct an internal workplace investigation of the Anonymous Complaints shortly thereafter. On or about November 6, 2017, as part of the aforementioned internal workplace investigation, Dr. Goydos' work computer was imaged. This November Forensic Image also included a copy of the image taken by Mr. Shandolow on or about October 2-3, 2017.

By way of further response, see Rutgers' University Policy 70.1.1, bates stamped D-000968 to D-000972.

## INTERROGATORY NO. 3

In connection with the subject matter of this action and any investigation of Dr. Goydos by Rutgers, describe and identify all individuals and entities involved in said investigation(s), any analyses performed, who directed that investigation, what information was relied and/or evidence gathered upon by investigators, any conclusions and/or reports issued, and provide the chain of custody for all evidence obtained.

## OBJECTIONS AND ANSWER

Rutgers objects to this interrogatory to the extent it is vague, overly broad, unduly burdensome, not properly limited in time and scope, and seeks information which is neither relevant to the subject matter of this litigation nor proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the burden and/or expense of the discovery sought outweighs its likely benefit. Rutgers further objects to this interrogatory to the extent it seeks information protected by the attorney-client and/or attorney work-product doctrine. Rutgers further objects to this interrogatory as it is premised upon an incorrect assumption of fact. Specifically, the University, through outside counsel, conducted an investigation to determine who was responsible for the conduct complained of in the Anonymous Complaints, not an investigation as to Dr. Goydos (or any other individual) specifically.

Subject to and without waiving the foregoing objections, see Rutgers' Objections and Answer to Interrogatory Nos. 1 and 2 and the documents produced herewith.

## INTERROGATORY NO. 4.

Identify all facts, circumstances, documents, and materials supporting any counterclaims and defenses that Rutgers intends to rely on at the time of trial.

## OBJECTIONS AND ANSWER

Rutgers objects to this interrogatory as it is premature, vague, ambiguous, overly broad, unduly burdensome, and because it purports to impose upon Rutgers obligations beyond those required by the Federal Rules of Civil Procedure. Rutgers further objects to this interrogatory to the extent it improperly contains a document request inappropriate for an interrogatory. Rutgers also objects to this interrogatory to the extent it purports to call for legal strategy and information protected by the attorney-client and/or attorney work-product doctrine, and thus is improper. Rutgers objects further to this interrogatory as it is premature, as Rutgers' defenses are interposed to encompass a wide variety of factual scenarios that require investigation during discovery.

Subject to and without waiving any of the foregoing objections, Rutgers states that the factual bases for its counterclaims and defenses are self-evident or otherwise encompassed by Rutgers' pleadings and/or discovery responses. See also Defendant's Answer to Third Amended Complaint, Defenses and Amended Counterclaims. Rutgers further states it took appropriate action to investigate workplace misconduct identified within the Anonymous Complaints, including conducting a comprehensive investigation in which potentially relevant information was collected and analyzed. Throughout the investigation, University policies and procedures were followed, and affirmative steps were taken to preserve the integrity and confidentiality of the process. In addition, Rutgers reserves the right to rely on all documents it produces or are otherwise produced in this action by any party or non-party; all documents and other evidence in the possession of the MCPO in connection with its prosecution of Plaintiff; as well as all documents and other evidence

11

gathered, created, or otherwise in the possession of Plaintiff, or any person or entity retained by any of them.

## INTERROGATORY NO. 5.

Identify any communications and documentation remitted by Rutgers or any of its personnel or all individuals and entities acting on its behalf directed to the New Jersey Board of Medical Examiners, to the Middlesex County Prosecutor's Office, to law enforcement, to any Court, or to any third-parties, concerning Dr. Goydos or in any way related to Dr. Goydos' alleged involvement in criminal conduct or violation of Rutgers policies and/or procedures.

## OBJECTIONS AND ANSWER

Rutgers objects to this interrogatory as it is overly broad, unduly burdensome, not properly limited in time or scope, and seeks information which is neither relevant to the subject matter of this litigation nor proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the burden and/or expense of the discovery sought outweighs its likely benefit.  Rutgers also objects to this interrogatory to the extent it seeks information protected by the attorney-client and/or attorney work-product doctrine.  Rutgers further objects to this interrogatory to the extent it improperly contains a document request inappropriate for an interrogatory.

Subject to and without waiving the foregoing objections, see, generally, relevant documents contained in documents bearing bates mark numbers D-000001 through D-000746, and D-001031 through D-001433

13

## INTERROGATORY NO. 6.

Describe in detail any communications with alleged victims in the criminal prosecution against Dr. Goydos and whether Rutgers provided any counsel or guidance as to victim impact statements. If so, state whether an attorney client-relationship existed with those victims and Rutgers General Counsel's office, and if no attorney client relationship existed, describe in detail the substance of those communications and attach any copies of electronic or written communications. Identify any such victims, with whom they consulted, and each of their respective positions.

## OBJECTIONS AND ANSWER

Rutgers objects to this interrogatory as it is overly broad, unduly burdensome, not properly limited in time and scope, and seeks information which is neither relevant to the subject matter of this litigation nor proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the burden and/or expense of the discovery sought outweighs its likely benefit. Rutgers further objects to this interrogatory to the extent it seeks documents and information protected by the attorney-client and/or attorney work-product doctrine.

Subject to and without waiving the foregoing objections, see relevant witness statements contained in documents related to the criminal proceedings against Dr. Goydos, bearing bates mark numbers D-000485 through D-000746 and in relevant transcripts from the criminal and civil proceedings against Dr. Goydos, bearing bates mark numbers D-000747 through D-000958.

### INTERROGATORY NO. 7.

Describe in detail the nature of the relationship between Rutgers and Saiber, any instructions given by Rutgers to Saiber, with whom Rutgers worked at Saiber, and provide copies of all communications, written or oral, relating to the investigation of the Camera Incident, Dr. Libutti, Dr. Kaufman, and Dr. Goydos and any other persons of interest related to conduct associated with the Camera Incident.

### OBJECTIONS

Rutgers objects to this interrogatory as it is vague, ambiguous, overly broad, unduly burdensome, not properly limited in time or scope, and seeks information which is neither relevant to the subject matter of this litigation nor proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the burden and/or expense of the discovery sought outweighs its likely benefit. Rutgers further objects to this interrogatory to the extents it seeks documents or information protected by the attorney-client and/or attorney work product doctrines. Rutgers further objects to this interrogatory to the extent it improperly contains a document request inappropriate for an interrogatory.

## INTERROGATORY NO. 8.

Describe in detail any and all persons at the Middlesex County Prosecutors office, Rutgers Police Department, and any other law enforcement agency with which Rutgers personnel communicated concerning the Camera Incident and provide copies of all documentation and communications related thereto.

### OBJECTIONS AND ANSWER

Rutgers objects to this interrogatory as it is vague, ambiguous, overly broad, unduly burdensome, not properly limited in time or scope, and seeks information which is neither relevant to the subject matter of this litigation nor proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the burden and/or expense of the discovery sought outweighs its likely benefit. Rutgers also objects to this interrogatory to the extent it seeks information protected by the attorney-client and/or attorney work-product doctrine. Rutgers further objects to this interrogatory to the extent it improperly contains a document request inappropriate for an Interrogatory.

Subject to and without waiving the foregoing objections, see individuals identified in documents, bearing bates mark numbers D-000213 through D-000746. By way of further response, see Rutgers' Objections and Answer to Interrogatory No. 5.

16

## INTERROGATORY NO. 9.

Set forth in detail whether Rutgers contends that it had the right to seize and/or gain access to Dr. Goydos' computer for purposes of copying or creating an image of that computer, state the bases upon which Rutgers relies in justifying that conduct, state the policies, procedures, and laws in place at the time upon which Rutgers claims to have such a right, and the procedures required by Rutgers to be followed if such a right exists(ed).

### OBJECTIONS

Rutgers objects to this interrogatory as it is vague, ambiguous, overly broad, not properly limited in time or scope, and seeks information which is neither relevant to the subject matter of this litigation nor proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the burden and/or expense of the discovery sought outweighs its likely benefit. Rutgers further objects to this interrogatory to the extent it purports to call for legal strategy and information protected by the attorney-client and/or the attorney work-product doctrine, and thus is improper. Rutgers further objects to this interrogatory to the extent it purports to ask Rutgers to state a legal conclusion and, therefore, imposes upon Rutgers an obligation beyond those required by the Federal Rules of Civil Procedure.

## INTERROGATORY NO. 10.

Identify the date Rutgers first became aware that Dr. Goydos' computer has been imaged and/or seized, state how it became aware, from whom, and its understanding of the nature of access, seizure, and/or imaging, and what steps, if any, Rutgers took to either permit same, or otherwise disavow and prevent further access, seizure, and/or imaging.

### OBJECTIONS

Rutgers objects to this interrogatory as it is vague, ambiguous, overly broad, not properly limited in time or scope, and seeks information which is neither relevant to the subject matter of this litigation nor proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the burden and/or expense of the discovery sought outweighs its likely benefit. Rutgers further objects to this interrogatory to the extent it purports to call for legal strategy and information protected by the attorney-client and/or the attorney work-product doctrine, and thus is improper. Rutgers further objects to this interrogatory to the extent it purports to ask Rutgers to state a legal conclusion and, therefore, imposes upon Rutgers an obligation beyond those required by the Federal Rules of Civil Procedure.

## INTERROGATORY NO. 11.

Identify all persons and/or entities for whom Rutgers will invoke attorney-client privilege, or any privilege or confidentiality as it relates to the investigation of Dr. Libutti, Dr. Goydos, Dr. Kaufmann, the Camera Incident, etc.

## OBJECTIONS AND ANSWER

Rutgers objects to this interrogatory as it is overly broad, unduly burdensome, not properly limited in time or scope, and seeks information which is neither relevant to the subject matter of this litigation nor proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the burden and/or expense of the discovery sought outweighs its likely benefit. Rutgers also objects to this interrogatory on the grounds that information pertaining to individuals other than Plaintiff is irrelevant and does not tend to prove or disprove Plaintiff's claims. Rutgers also objects to this interrogatory as it does not seek a response concerning a factual matter relevant to this action. Rutgers further objects to this interrogatory as it is premised upon an incorrect assumption of fact. Specifically, the University, retained outside counsel to conduct an investigation to determine who was responsible for the conduct complained of in the Anonymous Complaints, not any individual specifically.

Subject to and without waiving the foregoing objections, the University invokes privilege, including the attorney-client privilege, as to all current and former employees (excluding Plaintiff) and agents of the University, including but not limited to the following:

1.  Dr. Steven K. Libutti;

2.  Dr. Brian L. Strom;

3.  Timothy Fournier;

4.   Eugene Simon;

5.   Linda Tanzer;

6.   Adrian Rodriguez;

7.   Barry Shandolow;

8.   Allison Warzala;

9.   Lidia Monterroso;

10.  Dr. Robert DiPaola;

11.  Dr. David August;

12.  Dr. Deborah Toppmeyer; and

13.  All current and former employees (including, but not limited to, attorneys and administrative staff) and agents of Saiber, LLC involved in the investigation into the Anonymous Complaints.

Plaintiff is hereby notified that it is not permitted to contact any current or former employee or agent of the University (including, but not limited to, those individuals identified above), without first contacting and obtaining the consent of counsel of record, attorneys with Jackson Lewis, P.C.

## INTERROGATORY NO. 12.

State with detail the facts upon which Rutgers claims to have reasonable suspicion or probable cause for accessing, copying, and imaging Dr. Goydos' computer.

## OBJECTIONS AND ANSWER

Rutgers objects to this interrogatory as it is vague, ambiguous, overly broad, unduly burdensome, and not properly limited in time or scope. Rutgers further objects to this interrogatory to the extent it purports to call for legal strategy and information protected by the attorney-client and/or the attorney work-product doctrine, and thus is improper. Rutgers further objects to this interrogatory to the extent the terms "reasonable suspicion" and "probable cause" are not defined.

Subject to and without waiving any of the foregoing objections see Rutgers' Objections and Answer to Interrogatory No. 1; University Policy 70.1.1, bearing bates mark numbers D-000968 through D-000972.

## INTERROGATORY NO. 13.

Describe any efforts undertaken by Rutgers to investigate, any facts relied upon, and any conclusions reached as to any suspected wrongdoers, including, but not limited to, Dr. Libutti, Dr. Kaufman, a certain blond-haired individual identified and observed in the area of the subject women's bathroom prior to the camera being discovered.

### OBJECTIONS AND ANSWER

Rutgers objects to this interrogatory as it is vague, ambiguous, overly broad, unduly burdensome, and not properly limited in time or scope and seeks information which is neither relevant to the subject matter of this litigation nor proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the burden and/or expense of the discovery sought outweighs its likely benefit.. Rutgers further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and/or attorney work-product doctrine. Rutgers further objects to this interrogatory on the basis that it is premised upon an incorrect assumption of fact. Specifically, the University retained outside counsel to conduct an investigation to determine who was responsible for the conduct complained of in the Anonymous Complaints, not any individual specifically.

Subject to and without waiving the foregoing objections, see Rutgers' Objections and Answer to Interrogatory No. 1.

## INTERROGATORY NO. 14.

Identify all individuals investigated in connection with the Camera Incident.

### OBJECTIONS AND ANSWER

Rutgers objects to this interrogatory as it is vague, ambiguous, overly broad, unduly burdensome, not properly limited in time or scope, and seeks information which is neither relevant to the subject matter of this litigation nor proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the burden and/or expense of the discovery sought outweighs its likely benefit. Rutgers also objects to this interrogatory on the grounds that information pertaining to individuals other than Plaintiff is irrelevant and does not tend to prove or disprove Plaintiff's claims. Rutgers further objects to this interrogatory to the extent it seeks documents or information protected by the attorney-client and/or attorney work-product doctrine.

Subject to and without waiving said objections, the University states that it retained outside counsel to conduct an investigation to determine who was responsible for the conduct complained of in the Anonymous Complaints, not any individual specifically.

## INTERROGATORY NO. 15.

State the name, address and occupation of each person whom you propose to call as an expert witness, including in your answer the subject matter on which each such expert is expected to testify, the substance of the findings and opinions to which such expert is expected to testify, and a summary of the grounds for each opinion of each such expert. Attach copies of the resume or curriculum vitae of each such person, as well as copies of all written reports made by any proposed expert. Identify all communications, written or oral, you have had with these individuals.

## OBJECTIONS AND ANSWER

Rutgers objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Rutgers also objects to this interrogatory to the extent it seeks information related to Rutgers' trial strategy.

Subject to and without waving the foregoing objections, this interrogatory is premature. Rutgers has not retained an expert witness. Rutgers will comply with the requirements of Fed. R. Civ. P. 26(a)(2) and the Court's pretrial scheduling orders regarding the identification of expert witnesses.

# INTERROGATORY NO. 16.

State the bases upon which Rutgers claims to have sustained any damages, identify the nature of those damages, and provide a calculation of any economic or financial losses claimed. Include copies of all documents establishing any damages.

## OBJECTIONS AND ANSWER

Rutgers objects to this interrogatory as it is overly broad, unduly burdensome, and premature. Subject to and without waiving the foregoing objections, Rutgers responds as follows:

Rutgers is seeking equitable, economic, compensatory, and punitive damages against Plaintiff Dr. Goydos as stated in its amended counterclaims. Rutgers is also seeking an award of its reasonable attorneys' fees and costs incurred in pursuing its amended counterclaims against Plaintiff and, where applicable, its reasonable attorneys' fees and costs incurred in its defense against the claims brought by Dr. Goydos and Dr. Martins, as well as such other relief as the Court may deem to be just and proper.

## INTERROGATORY NO. 17.

Identify and provide copies of any insurance policies responsive to any claims asserted in this litigation.

## OBJECTIONS AND ANSWER

Rutgers objects to this interrogatory as it is overly broad, not properly limited in time or scope, and seeks information not reasonably related to the claims or defenses in this matter. Subject to and without waiving the foregoing objections, Rutgers responds as follows:

For the purposes of this action, Rutgers is self-insured for any potential exposure to damages in this matter.

## INTERROGATORY NO. 18.

State Dr. Libutti's job description and whether it includes any investigative responsibility or role in connection with the Camera Incident.

## OBJECTIONS AND ANSWER

Rutgers objects to this interrogatory on the grounds that it is vague, as the term "investigative responsibility," is not defined, seeks information which is neither relevant to the subject matter of this litigation nor proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the burden and/or expense of the discovery sought outweighs its likely benefit.

Subject to and without waiving any of the foregoing objections, see offer letter dated November 2, 2016 for position of Director of the Rutgers Cancer Institute of New Jersey (RCINJ), bearing bates mark numbers D-000994 through D-001001.

## INTERROGATORY NO. 19.

Identify and provide copies of all communications, both hardcopy and electronic documents, between Rutgers' and Rutgers' agents, and employees, and DTI/EPIQ, Steven Libutti, and/or any individuals, whether employed or assigned, at the N.J. Attorney General, N.J. Division of Law, N.J. Division of Consumer Affairs and N.J. Board of Medical Examiners relating to the N.J. Board of Medical Examiners investigation involving Dr. Goydos that began on or around September/October 2017. This includes, but is not restricted to, all letters, texts, emails, phone calls or video calls between and among any of these parties.

### OBJECTIONS

Rutgers objects to this interrogatory as it is overly broad, unduly burdensome, not properly limited in time or scope, and seeks information which is neither relevant to the subject matter of this litigation nor proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the burden and/or expense of the discovery sought outweighs its likely benefit. Rutgers further objects to this interrogatory to the extent it improperly contains a document request inappropriate for an interrogatory.

## INTERROGATORY NO. 20.

Set forth the facts and circumstances that motivated Rutgers officials to launch an investigation of Goydos in September/October of 2017 and state whether such evidence implicates the commission of any illegal activities. Attached copies of all such evidence.

### OBJECTIONS AND ANSWER

Rutgers objects to this interrogatory as it is vague, ambiguous, overly broad, not properly limited in time or scope, and seeks information which is neither relevant to the subject matter of this litigation nor proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the burden and/or expense of the discovery sought outweighs its likely benefit. Rutgers further objects to this interrogatory to the extent it purports to call for legal strategy and information protected by the attorney-client and/or the attorney work-product doctrine, and thus is improper. Rutgers also objects to this interrogatory to the extent it purports to ask Rutgers to state a legal conclusion and, therefore, imposes upon Rutgers an obligation beyond those required by the Federal Rules of Civil Procedure.

Subject to and without waiving said objections, the University states that it retained outside counsel to conduct an investigation to determine who was responsible for the conduct complained in the Anonymous Complaints, not any individual specifically. See also Rutgers' Objections and Answer to Interrogatory No. 1.

29

## INTERROGATORY NO. 21.

State whether Rutgers entered into a HIPAA business associate agreement with any third parties in connection with the turnover of any investigation materials or evidence to those third parties in connection with the investigation of Dr. Goydos and/or any investigation of the Camera Incident.

## OBJECTIONS

Rutgers objects to this interrogatory as it is overly broad, unduly burdensome, not properly limited in time or scope, and seeks information which is neither relevant to the subject matter of this litigation nor proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the burden and/or expense of the discovery sought outweighs its likely benefit. Rutgers further objects to this interrogatory to the extent it seeks documents or information protected by the attorney-client privilege and/or attorney work-product doctrine.

## INTERROGATORY NO. 22.

Set forth whether DTI/EPIQ employees delivered the results of analyses from the forensic images of Goydos' RCINJ office computer (November 6, 2017 and March 25, 2018) or of any computer file associated with the non-forensic October 3, 2017 image of Dr. Goydos' RCINJ office computer to any official working for Rutgers University or any third party retained by Rutgers. Provide copies of same.

### OBJECTIONS

Rutgers objects to this interrogatory as it is vague, ambiguous, overly broad, unduly burdensome, not properly limited in time or scope, and seeks information which is neither relevant to the subject matter of this litigation nor proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the burden and/or expense of the discovery sought outweighs its likely benefit. Rutgers further objects to this interrogatory to the extent it improperly contains a document request inappropriate for an interrogatory.

31

## INTERROGATORY NO. 23.

Detail the practice and procedure as to any chain of custody maintained with regard to any investigation materials or evidence gathered in the Camera Incident investigation or the investigation of Goydos.

### OBJECTIONS AND ANSWER

Rutgers objects to this interrogatory as it is vague, ambiguous, overly broad, unduly burdensome, not properly limited in time or scope, and seeks information which is neither relevant to the subject matter of this litigation nor proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the burden and/or expense of the discovery sought outweighs its likely benefit. Rutgers further objects to this interrogatory on the basis that it is premised upon an incorrect assumption of fact. Specifically, the University retained outside counsel to conduct an investigation to determine who was responsible for the conduct complained of in the Anonymous Complaints, not any individual specifically.

Subject to and without waiving any of the foregoing objections, the University states it retained outside counsel to conduct an investigation to determine who was responsible for the conduct complained of in the Anonymous Complaints, not any individual specifically. In further response, and to the extent that the interrogatory relates to the MCPO investigation, see Search/Seizure Receipt Forms from the Middlesex County Prosecutor's Office, bearing bates stamp numbers D-000676 through D-000682.

## INTERROGATORY NO. 24.

Identify the whereabouts and/or disposition of any non-forensic copies of Dr. Goydos' RCINJ office computer taken on October 3, 2017 and subsequently given to Dr. Steven Libutti by Adrian Rodriguez on October 4, 2017. Detail any chain of custody for same.

## **OBJECTIONS**

Rutgers objects to this interrogatory as it is vague, ambiguous, overly broad, not properly limited in time or scope, and seeks information which is neither relevant to the subject matter of this litigation nor proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the burden and/or expense of the discovery sought outweighs its likely benefit. Rutgers also objects to this interrogatory in the use of the undefined terms "forensic" and "non-forensic."

## INTERROGATORY NO. 25.

Identify the Rutgers/CINJ representative(s) with the most knowledge concerning the investigation of the Camera Incident and/or Dr. Goydos, state their position(s), and a summary of their knowledge and how same was gathered.

## ANSWER

<u>See</u> Rutgers' Objections and Answer to Interrogatory No. 1.

## CERTIFICATION

I certify that I have read the foregoing responses to Plaintiff's First Set of Interrogatories, and they are true to the best of my personal knowledge, and for those responses for which I do not have personal knowledge, I believe them to be true. I further hereby certify that, while I do not have first-hand knowledge of all the facts set forth in the foregoing responses, I have reviewed the responses, that the information therein was derived from a variety of sources, that my knowledge is based on their preparation and information gathering, and that they are true and correct to the best of my knowledge, information and belief. Accordingly, these responses are subject to inadvertent and undiscovered error, are based upon and necessarily limited by the records and information still in existence, presently recollected, and thus far discovered in the course of the preparation of these responses. I believe that any documents produced herewith are true and accurate copies of the documents that were demanded in the foregoing Interrogatories, and I certify that if the existence of other responsive documents become later known or available to me, I will cause them to be served upon the propounding party. I am aware that if any of the foregoing answers are willfully false, I may be subject to punishment.

RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY

By: _____

Linda Tanzer
Rutgers Cancer Institute of New Jersey,
Deputy Director for Administration and Planning;
Chief Financial and Administrative Officer

Dated: June 17, 2024

# EXHIBIT B

Representing Management Exclusively in Workplace Law and Related Litigation

# jackson lewis®

**Jackson Lewis P.C.**
200 Connell Drive
Suite 2000
Berkeley Heights NJ 07922
Tel 908 795-5200
Fax 908 464-2614
www.jacksonlewis.com
Jason C. Gavejian − Managing Principal

| | | | |
|---|---|---|---|
| ALBANY, NY | DETROIT, MI | MINNEAPOLIS, MN | RALEIGH, NC |
| ALBUQUERQUE, NM | GRAND RAPIDS, MI | MONMOUTH COUNTY, NJ | RICHMOND, VA |
| ATLANTA, GA | GREENVILLE, SC | NASHVILLE, TN | RIVERSIDE, CA |
| AUSTIN, TX | HARTFORD, CT | NEW ORLEANS, LA | SACRAMENTO, CA |
| BALTIMORE, MD | HOUSTON, TX | NEW YORK, NY | SALT LAKE CITY, UT |
| BERKELEY HEIGHTS, NJ | INDIANAPOLIS, IN | NORFOLK, VA | SAN DIEGO, CA |
| BIRMINGHAM, AL | JACKSONVILLE, FL | OMAHA, NE | SAN FRANCISCO, CA |
| BOSTON, MA | KANSAS CITY REGION | ORANGE COUNTY, CA | SAN JUAN, PR |
| CHARLOTTE, NC | LAS VEGAS, NV | ORLANDO, FL | SEATTLE, WA |
| CHICAGO, IL | LONG ISLAND, NY | PHILADELPHIA, PA | SILICON VALLEY, CA |
| CINCINNATI, OH | LOS ANGELES, CA | PHOENIX, AZ | ST. LOUIS, MO |
| CLEVELAND, OH | LOUISVILLE, KY | PITTSBURGH, PA | TAMPA, FL |
| DALLAS, TX | MADISON, WI | PORTLAND, OR | WASHINGTON DC REGION |
| DAYTON, OH | MIAMI, FL | PORTSMOUTH, NH | WHITE PLAINS, NY |
| DENVER, CO | MILWAUKEE, WI | PROVIDENCE, RI | |

JOHN K. BENNETT
Direct Dial: 908-795-5129
Email Address: john.bennett@jacksonlewis.com

July 9, 2024

**VIA E-MAIL AND REGULAR MAIL**
Shaun I. Blick, Esq.
Blick Law LLC
220 Davidson Avenue, Suite 300
Somerset, New Jersey 08873

Re:  Goydos et al. v. Rutgers et al.
     Docket No.: 3:19-cv-08966-RK-JTQ

Dear Mr. Blick:

Confirming our phone conversation earlier this afternoon, we are serving you with Defendant Rutgers, The State University of New Jersey's objections and answers to Plaintiff James Goydos' interrogatories, and Rutgers' objections and responses to Plaintiff Goydos' requests to produce documents.

Now that the Discovery Confidentiality Order has been signed and filed by the Court [Doc. No. 47], we will produce the responsive documents via BISCOM and under separate cover. Enclosed please find a PDF document with directions on how to access the documents via BISCOM. Should you have any trouble accessing the documents, please let us know.

Very truly yours,

JACKSON LEWIS P.C.

John K. Bennett

JKB/lcs
Enclosures
cc:    Mark A. Speed, Esq. (via e-mail w/ encls.)

John K. Bennett, Esq. (Bar ID# 024201980)
Robert J. Cino, Esq. (Bar ID# 030672008)
JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, New Jersey 07922
(908) 795-5200
Attorneys for Defendant, Rutgers, The State University of New Jersey

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JAMES S. GOYDOS and MARIA E. MARTINS,<br><br>Plaintiffs,<br><br>vs.<br><br>RUTGERS, THE STATE UNIVERSITY a/k/a RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY a/k/a RUTGERS, RUTGERS CANCER INSTITUTE OF NEW JERSEY (an independent institute at Rutgers, The State University), RWJ BARNABAS HEALTH, INC., STEVEN K. LIBUTTI, individually and in his official capacity, BRIAN L. STROM, individually and in his official capacity, SAIBER LLC, WILLIAM F. MADERER, individually and in his official capacity, DANALYNN T. COLAO, individually and in her official capacity, JOHN AND JANE DOES 1-10 (names being fictitious and unknown), and ABC CORPS. 1-10 (names being fictitious and unknown),<br><br>Defendants. | : : : : : : : : : : : : : : : : : : : : : : : : : | Civil Action No. 3:19-cv-08966-RK-JTQ<br><br>Hon. Robert Kirsch, U.S.D.J.<br>Hon. Justin T. Quinn, U.S.M.J.<br><br>**RESPONSES AND OBJECTIONS OF DEFENDANT, RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY, TO PLAINTIFF JAMES GOYDOS' REQUESTS FOR THE PRODUCTION OF DOCUMENTS** |

TO:    Shaun I. Blick, Esq.
       Blick Law LLC
       220 Davidson Avenue, Suite 300
       Somerset, NJ 08873
       Attorneys for Plaintiffs

Rutgers, The State University of New Jersey ("Rutgers"), by its attorneys, Jackson Lewis P.C., for its responses and objections to Plaintiff James Goydos' requests for the production of documents, states as follows:

## GENERAL OBJECTIONS

Rutgers objects to requests to produce documents and/or information which is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, are considered confidential and otherwise protected from disclosure, or are matters of public record.

Rutgers has endeavored, at this stage of this litigation, to respond to Plaintiff Goydos' requests based on the best data now available. Persons who are non-parties and who are not presently employees of Rutgers may have information relevant to the subject matter of Plaintiff Goydos' requests, but in these responses Rutgers is not purporting to provide material, if any, presently possessed by such persons.

To the extent Plaintiff has requested e-mail messages and other electronically stored information ("ESI"), Rutgers will make reasonable, good faith, and proportionate efforts to locate and produce non-privileged documents that are responsive to these requests, as required under the Federal Rules of Civil Procedure and/or other applicable law, including, without limitation, Rule 26(g)(1)(B)(iii). Any such ESI will be produced as it is kept in the usual course of business, rather than organized and labeled to correspond to the categories of these requests. Any such ESI will be produced in the form in which it is ordinarily maintained or in a reasonably useable form or forms. Rutgers is willing to meet and confer if Plaintiff Goydos has any questions or need to discuss this further.

Rutgers' responses set forth herein are made subject to, and without waiving, the following general objections:

2

1.      Rutgers objects to requests for the production of documents outside the scope and limits of permissible discovery pursuant to Rule 26 (b) (1) and (2), Rule 34 (a) and (b), and all other Federal Rules of Civil Procedure.

2.      Rutgers objects, pursuant to Rules 33 (b) (2) (D) and (E) of the Federal Rules of Civil Procedure, to requests for the production of ESI, including but not limited to the extent that Plaintiff may be requesting ESI that exists only on inaccessible back-up media.

3.      Rutgers objects to these document requests to the extent they seek information not currently in the possession or under the control of Rutgers or any other party to this action.

4.      Rutgers objects to these document requests to the extent that they seek confidential, privileged, proprietary and/or irrelevant and inadmissible information pertaining to Rutgers and others.

5.      Rutgers objects to these document requests to the extent that they are duplicative, vexatious, and designed to harass, annoy and/or embarrass.

6.      Rutgers objects to these document requests to the extent that they call for legal conclusions or opinions.

7.      Rutgers objects to these requests to the extent that they seek documents that are unreasonably cumulative or duplicative, are publicly available, are already in the possession, custody, or control of Plaintiff or his counsel, are of no greater burden for Plaintiff to obtain than for Rutgers, are obtainable from some other sources that are more convenient, less burdensome, less expensive, or are otherwise more appropriately requested from another party.

Rutgers is making its objections and responses to these document requests based upon information presently available, and reserves the right to amend, revise, correct, modify,

supplement or clarify any of its responses and/or objections provided herein upon discovery of additional information, evidence, or grounds for objection, at any time prior to trial.

Rutgers, by offering to produce a document, does not waive its right to withhold any portion of the document that is privileged or in any other way outside the scope and limits of permissible discovery pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure.

JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, NJ 07922
(908) 795-5200
Attorneys for Defendant Rutgers,
The State University of New Jersey

By:     John K. Bennett
        Robert J. Cino

Dated: June 24, 2024

4

## OBJECTIONS AND RESPONSES

**REQUEST NO. 1.**    The entire investigation file, including all materials, documents, and communications, maintained by Rutgers and/or CINJ regarding the Camera Incident, Dr. Goydos, and/or Dr. Libutti.

   **OBJECTIONS AND RESPONSE:**  Rutgers objects to this request as it is overly broad, vague, fails to define "investigative file", and not properly limited in time or scope.  Rutgers further objects to this request to the extent it seeks information protected by the attorney-client privilege and/or attorney work-product doctrine.  Rutgers further objects to this request on the grounds that the amount of ESI requested is likely too voluminous for the review and production to be conducted without placing an undue burden upon Rutgers, and without interfering with the just, speedy and inexpensive determination of this proceeding.  Rutgers stands ready to cooperate with Plaintiff to narrow the scope of this request as may be appropriate, including possible reductions in date range, use of keyword filters, implementation of phased production, and clarification and narrowing of the scope of ESI intended to be requested.  Rutgers further objects to this request to the extent that it is premised upon an incorrect assumption of fact, namely, that any investigation was conducted of Plaintiff Goydos or Dr. Libutti specifically. Rather, the University, through outside counsel, conducted an investigation to determine who was responsible for the conduct complained of in the Anonymous Complaints, not an investigation as to Dr. Goydos (or any other individual) specifically.

   Subject to and without waiving the foregoing objections, Rutgers responds that it is producing documents regarding Rutgers' Investigation into who was responsible for the conduct complained of in the Anonymous Complaints, bearing bates numbers D-000213 through D-000397, documents related to investigations regarding Dr. Goydos unrelated to the Anonymous Complaints, bearing bates numbers D-000398 through D-000484, documents related to the criminal proceedings against Dr. Goydos, bearing bates numbers D-000485 through D-000746, relevant transcripts from the criminal

and civil proceedings against Dr. Goydos, bearing bates numbers D-000747 through D-000958, relevant Rutgers' University policies, bearing bates numbers D-000959 through D-000993, and relevant swipe card access data, bearing bates numbers D-001031 through D-001433.

**REQUEST NO. 2.**    Dr. Goydos's entire employment and/or personnel file(s) maintained by Rutgers and/or CINJ.

    **OBJECTIONS AND RESPONSE:**  Rutgers objects to this request as it is overly broad, vague, not properly limited in time or scope, and not reasonably related to the claims or defenses in this matter.

    Subject to and without waiving the foregoing objections, Rutgers responds that it is producing responsive documents regarding Plaintiff Goydos' employment bearing bates numbers D-000001 through D-000212.

**REQUEST NO. 3.**    Dr. Libutti's entire employment and/or personnel file(s) maintained by Rutgers and/or CINJ.

    **OBJECTIONS:**  Rutgers objects to this request as it is vague, overly broad, unduly burdensome, not reasonably related to the claims or defenses in this matter, and otherwise outside the scope of permissible discovery under Rules 26 and 34 of the Federal Rules of Civil Procedure.  Rutgers further objects to this request on the ground that it seeks documents or information pertaining to individuals that bear no relevance to Plaintiff Goydos, his claims, or this matter, and will not tend to prove or disprove Plaintiff's claims against Rutgers.  Rutgers further objects to this request to the extent it seeks the production of confidential, personal information of present and/or past employees of Rutgers, the disclosure of which may constitute an invasion of privacy interests.

**REQUEST NO. 4.**    Any and all documents, materials, and/or communications submitted, shared, and/or otherwise exchanged by and/or between Rutgers and CINJ, including their employees, agents, and/or representatives and any third-parties including, without limitation, the Middlesex County Prosecutor's Office, any companies involved in the investigation of the Camera Incident, Dr. Goydos, and/or Dr, Libutti, any other investigative agency, and/or the Board of Medical Examiners.

    **OBJECTIONS AND RESPONSE:** Rutgers objects to this request as it is vague, overly broad, unduly burdensome, not properly limited in time or scope, not reasonably related to the claims or defenses in this matter, and otherwise outside the scope and limits of permissible discovery pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure. Rutgers further objects to this request to the extent it seeks documents or information protected by the attorney-client privilege and/or attorney work-product doctrine.  Rutgers further objects to this request on the grounds that the amount of ESI requested is likely too voluminous for the review and production to be conducted without placing an undue burden upon Rutgers, and without interfering with the just, speedy and inexpensive determination of this proceeding.  Rutgers states that these documents have been produced to Plaintiff by the MCPO.

    Subject to and without waiving the foregoing objections, Rutgers responds by referring Plaintiff Goydos to the responsive documents contained in Plaintiff's personnel file, bearing bates numbers D-0001 through D-00212, documents related to  Rutgers' investigation into who was responsible for the conduct complained of in the Anonymous Complaints, bearing bates numbers D-000213 through D-000397, documents related to investigations regarding Dr. Goydos unrelated to the Anonymous Complaints, bearing bates numbers D-000398 through D-000484, relevant Rutgers' University policies, bearing bates numbers D-000959 through D-000993, and documents regarding Plaintiff Goydos' Outlook Calendar from 2017, bearing bates numbers D-001476 through D-001558.

**REQUEST NO. 5**:    Any and all documents, materials, and/or communications that Rutgers and/or CINJ submitted regarding Dr. Goydos to the National Practitioners Data Bank and/or any other government or non-government agency that oversees the performance and/or licensure of physicians.

**OBJECTIONS AND RESPONSE:**    Rutgers objects to this request as it is vague, overly broad, unduly burdensome, not properly limited in time or scope, not reasonably related to the claims or defenses in this matter, and otherwise outside the scope and limits of permissible discovery pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure. Rutgers further objects to this request on the grounds that the amount of ESI requested is likely too voluminous for the review and production to be conducted without placing an undue burden upon Rutgers, and without interfering with the just, speedy and inexpensive determination of this proceeding.  Rutgers is willing to confer in good faith with Plaintiff Goydos to narrow the scope of this request as may be appropriate, including possible reductions in date range, use of keyword filters, implementation of phased production, and clarification and narrowing of the scope of ESI intended to be requested.

**REQUEST NO. 6**:    Any and all communications between Rutgers general counsel, outside counsel, and/or any other Rutgers and/or CINJ representatives and non-control group employees giving statements and/or making victim impact statements in the criminal trial of Dr. Goydos.

**OBJECTIONS:**    Rutgers objects to this request as it is vague, overly broad, unduly burdensome, not properly limited in time or scope, not reasonably related to the claims or defenses in this matter, and otherwise outside the scope of permissible discovery pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure. Rutgers further objects to this request to the extent it seeks documents or information protected by the attorney-client privilege and/or the attorney work-product doctrine.

**REQUEST NO. 7**:   Any and all electronic data, metadata, files, and/or information upon which Rutgers relied in determining the alleged culpability of Dr. Goydos regarding the Camera Incident and/or any other alleged misconduct.

**OBJECTIONS:**  Rutgers objects to this request as it is vague, ambiguous, overly broad, unduly burdensome, not properly limited in time or scope, not reasonably related to the claims or defenses in this matter, and otherwise outside the scope and limits of permissible discovery pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure. Rutgers further objects to this request to the extent it seeks documents or information protected by the attorney-client privilege and/or the attorney work-product doctrine.  Rutgers further objects to this request on the grounds that the amount of ESI requested is likely too voluminous for the review and production to be conducted without placing an undue burden upon Rutgers, and without interfering with the just, speedy and inexpensive determination of this proceeding.  Rutgers further objects to this request to the extent that it is premised upon an incorrect assumption of fact, namely, that Rutgers determined the culpability of Dr. Goydos for his misconduct. Rather, the University, through outside counsel, conducted an investigation to determine who was responsible for the conduct complained of in the Anonymous Complaints, not an investigation as to Dr. Goydos specifically, and it was not Rutgers that determined Dr. Goydos' culpability for the criminal offenses with which he was charged.

**REQUEST NO. 8**:   Any and all copies of retainer agreements with any and all professionals involved in Rutgers' and/or CINJ's investigation of the Camera Incident, Dr. Goydos, and/or Dr. Libutti, including, without limitation, forensic service providers, investigators, and/or any professional, whether lawyer or otherwise, serving in the capacity of an investigator.

**OBJECTIONS:**  Rutgers objects to this request as it is vague, overly broad, unduly burdensome, not properly limited in time or scope, not reasonably related to the claims or defenses in

9

this matter, and otherwise outside the scope and limits of permissible discovery pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure. Rutgers further objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or attorney work-product doctrine.


**REQUEST NO. 9**:  Any and all communications to which Rutgers and/or CINJ was a party, whether internal or external, regarding the subject matter of the Camera Incident and any investigation(s) of Dr. Goydos and/or Dr. Libutti.

   **OBJECTIONS AND RESPONSE:**  Rutgers objects to this request as it is vague, overly broad, unduly burdensome, not properly limited in time or scope, not reasonably related to the claims or defenses in this matter, and otherwise outside the scope and limits of permissible discovery pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure. Rutgers further objects to this request to the extent it seeks documents or information protected by the attorney-client privilege and/or attorney work-product doctrine.  Rutgers further objects to this request on the grounds that the amount of ESI requested is likely too voluminous for the review and production to be conducted without placing an undue burden upon Rutgers, and without interfering with the just, speedy and inexpensive determination of this proceeding.  Rutgers further objects to this request as it is premised upon an incorrect assumption of fact, namely, that Rutgers and/or CINJ conducted any investigation of Dr. Goydos and/or Dr. Libutti specifically. Rather, the University, through outside counsel, conducted an investigation to determine who was responsible for the conduct complained of in the Anonymous Complaints, not an "investigation of Dr. Goydos" (or any other individual) specifically.

   Subject to and without waiving the foregoing objections, Rutgers responds by referring Plaintiff Goydos to responsive documents related to investigations regarding Dr. Goydos unrelated to the Anonymous Complaints,  bearing bates numbers D-000213 through D-000397, documents related

to the criminal proceedings against Dr. Goydos D-000485 through D-000746, and relevant transcripts from the criminal and civil proceedings against Dr. Goydos D-000747 through D-000958.

**REQUEST NO. 10**:   Produce all documents Rutgers intends to introduce into evidence at the trial, mediation, and/or arbitration in connection with this lawsuit.

    **OBJECTIONS:**  Rutgers objects to this request to the extent it is premature.  Rutgers will identify its trial exhibits within the time required by the Court in any pre-trial scheduling order and/or final pretrial order entered pursuant to Rule 16 of the Federal Rules of Civil Procedure.

**REQUEST NO. 11**:   A copy of Dr. Goydos' 2017 Outlook calendar file.

    **OBJECTIONS:**  Rutgers objects to this request to the extent it is vague, overly broad, unduly burdensome, not reasonably related to the claims or defenses in this matter, and otherwise outside the scope and limits of permissible discovery pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure.

    Subject to and without waiving the foregoing objections, Rutgers responds by referring Plaintiff Goydos to responsive documents relating to Plaintiff Goydos' Outlook calendar from 2017, bearing bates numbers D-001476 through D-001558.

**REQUEST NO. 12**:   For each and every expert retained by Rutgers to testify at trial in this action, provide the following documents:

    a.   Copies of any and all draft reports and/or final reports prepared by each such expert;

    b.   A copy of each such expert's curriculum vitae;

    c.   Copies of any and all written retention agreements, if any, for each such expert;

    d.   Copies of any and all invoices from each such expert;

  e. Copies of any and all written communications with each such expert; and

  f. Copies of any and all written materials provided to each such expert in connection with this Action.

**OBJECTIONS AND RESPONSE:** Rutgers objects to this request as it is overly broad and seeks to impose obligations beyond that which is required by Rules 16 and 26 of the Federal Rules of Civil Procedure, or any Court Order entered pursuant thereto.

Subject to and without waiving the foregoing objections, Rutgers responds that it has not yet retained an expert to testify at trial. Whether Rutgers does retain any such expert will rely on a variety of factors, including whether Plaintiff retains any experts.

**REQUEST NO. 13:** All documents, including drafts, notes, work papers, calculations, references, and analyses created, used or referred to by each expert you intend to have testify at the trial of this action.

**OBJECTIONS AND RESPONSE:** See Rutgers's Objections and Response to Request No. 12.

**REQUEST NO. 14:** For all experts or consultants (hereinafter "Consultants"), other than your designated expert(s) in this case, retained by you, provide the following information:

  a. Copies of any and all written retention agreements, if any, for each such Consultant;

  b. Copies of any and all invoices of each such Consultant;

  c. Copies of any and all written communications with each such Consultant; and

  d. Copies of any and all reports, surveys, memoranda or other writings prepared by such Consultants, including drafts thereof, with respect to any evaluation, analysis, survey or opinion as to the alleged defects, the causes thereof, the parties responsible, or recommendation of possible remedies and the costs thereof.

**OBJECTIONS AND RESPONSE:** See Rutgers's Objections and Response to Request No. 12.

**REQUEST NO. 15**:   Any and all documents of any kind whatsoever not otherwise produced in response to the preceding requests concerning or relevant to this Action.

   **OBJECTIONS AND RESPONSE:**  Rutgers objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, not properly limited in time or scope, and otherwise outside the scope and limits of permissible discovery pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure. Rutgers further objects to this request to the extent it seeks documents or information protected by the attorney-client privilege and/or the attorney work-product doctrine.

   Subject to and without waiving the foregoing objections, Rutgers refers Plaintiff Goydos to all responsive documents being produced, bearing bates numbers D-000001 through D-001558, any and documents to be produced by Plaintiff, and/or any documents provided by any non-party.

**REQUEST NO. 16**:   All documents, including electronic communications, pertaining to the investigation conducted by Rutgers referenced by Det. Walter P. Kelley on pages 11 and 12 of his affidavit dated March 29, 2018.

   **OBJECTIONS:**  Rutgers objects to this request as it is vague, overly broad, unduly burdensome, not properly limited in time or scope, not reasonably related to the claims or defenses in this matter, and otherwise outside the scope and limits of permissible discovery pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure. Rutgers further objects to this request to the extent it seeks documents or information protected by the attorney-client privilege and/or attorney work-product doctrine.  Rutgers further objects to this request on the grounds that the amount of ESI

13

requested is likely too voluminous for the review and production to be conducted without placing an undue burden upon Rutgers, and without interfering with the just, speedy and inexpensive determination of this proceeding.

**REQUEST NO. 17**:    A copy of the computer file referred to as Goydos Oct Ime that was examined by DTI/EPIQ employee Ashraf Massoud in December 2017 and copies of any and all reports, paper and electronic communications, chains of custody, and HIPAA business associate agreement covering the analysis of this file.

 **OBJECTIONS:**    Rutgers objects to this request as it is vague, overly broad, unduly burdensome, not properly limited in time or scope, not reasonably related to the claims or defenses in this matter, and otherwise outside the scope and limits of permissible discovery pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure. Rutgers further objects to this request to the extent it seeks documents or information protected by the attorney-client privilege and/or attorney work-product doctrine.  Rutgers further objects to this request on the grounds that the amount of ESI requested is likely too voluminous for the review and production to be conducted without placing an undue burden upon Rutgers, and without interfering with the just, speedy and inexpensive determination of this proceeding.  Rutgers further objects to the extent this request seeks documents in the possession of a non-party, not Rutgers.

**REQUEST NO. 18**:  All documents and communications, both physical and electronic, pertaining to the origin of the file Goydos Oct Ime evaluated by Ashraf Massoud in December 2017.

 **OBJECTIONS:**  See Rutgers's Objections to Request No. 17.

14

**REQUEST NO. 19**:   All communications between Rutgers and the Robert Wood Johnson IRB pertaining to the forensic and non-forensic copies of Dr. Goydos' RCINJ office computer. Specifically, any documents or other types of communication referencing the protected information of patients participating on clinical trials that was contained on Dr. Goydos' office computer.

    **OBJECTIONS:**   Rutgers objects to this request as it is vague, overly broad, unduly burdensome, not properly limited in time or scope, not reasonably related to the claims or defenses in this matter, and otherwise outside the scope and limits of permissible discovery pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure. Rutgers further objects to this request to the extent it seeks documents or information protected by the attorney-client privilege and/or attorney work-product doctrine.  Rutgers further objects to this request on the grounds that the amount of ESI requested is likely too voluminous for the review and production to be conducted without placing an undue burden upon Rutgers, and without interfering with the just, speedy and inexpensive determination of this proceeding.

**REQUEST NO. 20**:   All communications between Rutgers University officials and the Office of Civil Rights, Department of Health and Human Services pertaining to the forensic and non-forensic copies of Dr. Goydos' RCINJ office computer. Specifically, any documents or other types of communication referencing the HIPAA-protected patient data that was contained on Dr. Goydos' office computer.

    **OBJECTIONS:**   Rutgers objects to this request as it is vague, overly broad, unduly burdensome, not properly limited in time or scope, not reasonably related to the claims or defenses in this matter, and otherwise outside the scope of permissible discovery pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure. Rutgers further objects to this request to the extent it seeks

documents or information protected by the attorney-client privilege and/or attorney work-product doctrine.  Rutgers further objects to this request on the grounds that the amount of ESI requested is likely too voluminous for the review and production to be conducted without placing an undue burden upon Rutgers, and without interfering with the just, speedy and inexpensive determination of this proceeding.

**REQUEST NO. 21**:  All communications between Rutgers and the United States FDA pertaining to the forensic and non-forensic copies of Dr. Goydos' RCINJ office computer. Specifically, any documents or other types of communication referencing the protected and proprietary data related to FDA-approved clinical trials that was contained on Dr. Goydos' office computer.

   **OBJECTIONS:**  Rutgers objects to this request as it is vague, overly broad, unduly burdensome, not properly limited in time or scope, not reasonably related to the claims or defenses in this matter, and otherwise outside the scope and limits of permissible discovery pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure. Rutgers further objects to this request to the extent it seeks documents or information protected by the attorney-client privilege and/or attorney work-product doctrine.  Rutgers further objects to this request on the grounds that the amount of ESI requested is likely too voluminous for the review and production to be conducted without placing an undue burden upon Rutgers, and without interfering with the just, speedy and inexpensive determination of this proceeding.

JACKSON LEWIS P.C.
Attorneys for Defendant, Rutgers,
The State University of New Jersey

By:   _____
John K. Bennett
Robert J. Cino

Dated: June 24, 2024

4889-3742-2793, v. 4

# EXHIBIT C

# blicklaw llc

## Attorneys at Law

**Shaun I. Blick, Esq., Managing Member**
**Direct: 848.300.0854**
**Mobile: 732.261.8041**
**sblick@blicklaw.com**

220 Davidson Avenue, Suite 408
Somerset, New Jersey 08873
T - 848.222.3500
F - 848.222.3550
blicklaw.com

August 19, 2024

VIA E-MAIL
John K. Bennett, Esq
Robert J. Cino, Esq.
Jackson Lewis P.C.
200 Connell Drive, Suite 2000
Berkley Heights, New Jersey 07922

   RE: *Goydos v. Rutgers, et al.*
     *Docket No. 3:19-cv-8966*

Dear Counsel:

  As you know this office represents the Plaintiffs James S. Goydos ("Plaintiff") and Maria E. Martins in the above-captioned matter. We are in receipt of Defendant Rutgers, The State University of New Jersey's ("Defendant") responses to James S. Goydos' First Set of Interrogatories and Request for the Production of Documents. Defendant's responses to the below interrogatories and document production are deficient for the reasons outlined herein. This correspondence shall serve as a good-faith effort to meet and confer regarding same prior to the need to initiate motion practice.

**Interrogatory No. 3**
This response to Interrogatory is completely unresponsive. Please identify every individual and entity involved in the investigation into Plaintiff and what said investigators did and relied upon. Defendant merely cited to its answers to Interrogatory Numbers 1 and 2.

Defendant's objection regarding relevance is inappropriate because the specific individuals involved with the conduct alleged is directly relevant to the heart of the complaint. Likewise, Defendant's objection as to the incorrect assumption of fact is facially inappropriate because by Defendant's own admission, an investigation into Plaintiff was conducted and the fact that said investigation is allegedly part of a larger investigation is of no significance.

# blicklaw llc

John K. Bennett, Esq
Robert J. Cino, Esq.
August 19, 2024
Page 2 of 12

Additionally, this answer is clearly deficient because the answer to Interrogatory Number 1 indicated "The University" and "outside counsel" who performed their investigative efforts but at no point does Rutgers identify who "outside counsel" is nor do they identify the Rutgers employees who conducted the investigation or who retained and worked with "outside counsel". The answer to interrogatory 2 identifies certain individuals who had imaged Plaintiff's computer, but remains silent as to other individuals who were conducting the investigation or what role they may have played.

Accordingly, Plaintiffs demand that Defendant amend its answer to Interrogatory 3 to be fully responsive.

**Interrogatory No. 4**
Rutgers' answer to this Interrogatory is completely unresponsive. Merely citing to the responsive pleadings filed in this case does not provide for the factual support and detail to which Plaintiffs are entitled and of which has been inquired.

Accordingly, Plaintiffs demand that Rutgers amend its answer to Interrogatory 4 to be fully responsive.

**Interrogatory No. 6**
Rutgers' answer to this Interrogatory is completely unresponsive. Merely citing to victim statements does not provide the particular details of what is being asked. For instance, who are the victims, did Rutgers have an attorney client relationship with those victims, in any case, what communications were had with Rutgers and those victims? None of these details have been provided.

Accordingly, Plaintiffs demand that Rutger amend its answer to Interrogatory 6 to be fully responsive.

**Interrogatory No. 7**
This Interrogatory requested that Defendant detail the relationship between Rutgers and Saiber. More specifically any instructions given by Rutgers to Saiber, with whom Rutgers worked at Saiber, and provide copies of all communications, written or oral, relating to the investigation of the Camera Incident, Dr. Libutti, Dr. Kaufman, and Dr. Goydos.

# blicklaw llc

John K. Bennett, Esq
Robert J. Cino, Esq.
August 19, 2024
Page 3 of 12

Rutgers' retention of Saiber is known to be one involving an institution retaining a law firm to conduct an investigation, not to provide legal counsel for this particular instance. No attorney-client privilege exists accordingly as it relates to that. Notwithstanding, even if there were a privilege, which there is not, the specific individuals with whom Rutgers interacted with are indeed not communications that would constitute privileged information, nor specific description of the nature of the alleged retention of Saiber.

Accordingly, Plaintiffs demand that Rutgers amend its answer to Interrogatory 7 to be fully responsive.

**Interrogatory No. 9**
This Interrogatory requested that Defendant state the basis upon which Defendant has the right to search and seize Plaintiff's property, specifically Dr. Goydos' computer for purposes of copying or creating an image of that computer. Additionally, the interrogatory requests that Defendant state the basis upon which Rutgers relies in justifying that conduct, state the policies, procedures, and laws in place at the time upon which Rutgers claims to have such a right, and the procedures required by Rutgers to be followed if such a right exists(ed).

Rutgers evoked generalized objections and that the question requests that Defendant provide a legal conclusion. The basis upon which a search or seizure was performed by a government actor is a question of fact not of law, and one for which Defendant bears the burden of production.

Accordingly, Plaintiff demands Defendant amend its answer to Interrogatory 9 to be fully responsive.

**Interrogatory No. 10**
This Interrogatory requested that Defendant identify when it first became aware that Plaintiff's computer was imaged or seized and what steps, if any, Rutgers took to either permit same, or otherwise disavow and prevent further access, seizure, and/or imaging.

Defendant asserts that this interrogatory is vague, overly broad, and that the burden of obtaining the answer would outweigh the

# blick law llc

John K. Bennett, Esq
Robert J. Cino, Esq.
August 19, 2024
Page 4 of 12

benefit. Rutgers also objects that the question calls for the legal strategy and information protected by attorney/client or attorney-work privilege and that it calls for a legal conclusion.

Defendant has failed to articulate how any of these privileges or exceptions apply to what is largely a simple question. Likewise, pursuant to R. 33(a)(2) an interrogatory is not objectional merely because it asks for an opinion.

Accordingly, Plaintiff demands Defendant amend its answer to Interrogatory 10 to be fully responsive.

## Interrogatory No. 13
This Interrogatory requested that Defendant describe and identify all individuals and entities involved in the investigation and into other individuals and what said investigators relied upon. Defendant merely cited to its answers to Interrogatory Number 1.

Plaintiff repeats and realleges its objections as stated more thoroughly under Interrogatory 3, as the deficiencies are the same.

Accordingly, Plaintiff demands Defendant amend its answer to Interrogatory 13 to be fully responsive.

## Interrogatory No. 14
This Interrogatory requested that Defendant identify all individuals investigated in connection with the Camera Incident. Rutgers fails to enunciate in any specificity of how any of its stated objections apply toward providing the list of those whom it admits that it investigated in Interrogatory Number 3.

Accordingly, Plaintiff demands Defendant amend its answer to Interrogatory 14 to be fully responsive.

## Interrogatory No. 16
This Interrogatory asks Defendant to state the basis upon which Rutgers claims to have sustained any damages, identify the nature of those damages, and provide a calculation of any economic or financial losses claims. The interrogatory also asks to include copies of all documents establishing any damages. Rutgers failed to provide a calculation of any economic or financial losses claim.

# blicklaw llc

John K. Bennett, Esq
Robert J. Cino, Esq.
August 19, 2024
Page 5 of 12

Accordingly, Plaintiff demands Defendant amend its answer to Interrogatory 16 to be fully responsive.

## Interrogatory No. 17
Rutgers' answer to this Interrogatory is completely unresponsive. Merely stating that Rutgers is self-insured for any potential exposure to damages does not identify the insurance policy, nor did Rutgers provide a copy of the insurance policy.

Accordingly, Plaintiff demands Defendant amend its answer to Interrogatory 17 to be fully responsive.

## Interrogatory No. 18
This Interrogatory requested that Defendant state Dr. Libutti's job description and whether it includes any investigative responsibility or role in connection with the Cameria Incident.

Defendant objects on the grounds that the term "investigative responsibility" is not defined and that the information sought is neither relevant nor proportional to the needs of the case. However, it is relevant as to Dr. Libutti's duties and responsibilities as Director of Rutgers Cancer Institute of New Jersey and whether or not those duties and responsibilities encompass the actions taken by him in connection with the Camera Incident. At a minimum, the latter part of the interrogatory could be answered by a simple yes or no response.

Accordingly, Plaintiff demands Defendant amend its answer to Interrogatory 18 to be fully responsive.

## Interrogatory No. 19
This Interrogatory is completely unresponsive. Please identify and provide copies of all communication, between Rutgers' and Rutgers' agents, and employees, and DTI/EPIQ, Steven Libutti, and/or any individuals, whether employed or assigned, at the N.J. Attorney General, N.J. Division of Law, N.J. Division of Consumer Affairs and N.J. Board of Medical Examiners relating to the N.J. Board of Medical examiners investigation involving Dr. Goydos that began on or around September/October 2017.

Rutgers invoked generalized objections, including objecting to the extent that it improperly contains a document request. However, it

# blick law llc

John K. Bennett, Esq
Robert J. Cino, Esq.
August 19, 2024
Page 6 of 12

is appropriate for an interrogatory to ask for written information and the accompanying documents.

Accordingly, Plaintiff demands Defendant amend its answer to Interrogatory 19 to be fully responsive.

**Interrogatory No. 20**
This Interrogatory requested Rutgers to set forth the facts and circumstances that motivated Rutgers officials to launch an investigation of Goydos in September/October of 2017 and state whether such evidence implicates the commission of any illegal activity.

Rutgers states that it retained outside counsel to conduct an investigation to determine who was responsible for the conduct. However, Rutgers' retention of Saiber is known to be one involving an institution retaining a law firm to conduct an investigation, not to provide legal counsel for this particular instance. No attorney-client privilege exists accordingly as it relates to that.

Accordingly, Plaintiff demands Defendant amend its answer to Interrogatory 20 to be fully responsive.

**Interrogatory No. 21**
This Interrogatory asks Rutgers whether it entered into a HIPPA business associate agreement with any third parties in connection with the turnover of any investigation materials or evidence to those third parties in connection with the investigation of Dr. Goydos and/or any investigation of the Camera Incident.

Rutgers invoked general obligations along with client privilege. However, the information is relevant to the case. Rutgers took images of Dr. Goydos' computer which contained protected and private information regarding his patients medical records.

Accordingly, Plaintiff demands Defendant amend its answer to Interrogatory 21 to be fully responsive.

# blick**law** llc

John K. Bennett, Esq
Robert J. Cino, Esq.
August 19, 2024
Page 7 of 12

**Interrogatory No. 22**
This Interrogatory requested that Defendant state whether DTI/EPIQ employees delivered the results of analyses from the forensic or non-forensic images of Plaintiff's office computer to any official working for Rutgers or a third party retained by Rutgers.

Defendant has failed to specify how any of the stated privileges apply to Interrogatory No. 22. Defendant's responses to the below Interrogatories are deficient as a matter of law.

Accordingly, Plaintiff demands Defendant amend its answer to Interrogatory 22 to be fully responsive.

**Interrogatory No.23**
Defendant has again failed to identify whom it retained as outside counsel to conduct its investigation. Defendant's responses to the below Interrogatories are deficient as a matter of law.

Accordingly, Plaintiff demands Defendant amend its answer to Interrogatory 23 to be fully responsive.

**Interrogatory No.24**
This Interrogatory asks for the whereabouts and/or disposition of any non-forensic copies of Dr. Goydos' RCINJ office computer taken on October 3, 2017 and subsequently given to Dr. Steven Libutti by Adrian Rodriguez on October 4, 2017 and to detail any chain of custody for the same.

Defendant objects on the grounds that the term "forensic" and "non-forensic" are not defined and that the information sought is neither relevant nor proportional to the needs of the cause. However, it is relevant because after the RCINJ IT representative realized that the internal investigation was unsanctioned, deleted all other copies of the October image of Dr. Goydos' computer, leaving Dr. Libutti, his attorneys, and Secure Investigations in possession of what is believed to be the only remaining copy of the October 2, 2017 image.

Accordingly, Plaintiff demands Defendant amend its answer to Interrogatory 24 to be fully responsive.

# blick**law**llc

John K. Bennett, Esq
Robert J. Cino, Esq.
August 19, 2024
Page 8 of 12

**Interrogatory No. 25**
This Interrogatory requested that Defendant identify the Rutgers/CINJ representative(s) with the most knowledge concerning the investigation of the Camera Incident and/or Dr. Goydos.

Defendant cites to their answer to Interrogatory No. 1, but the answer to that interrogatory does not include the names of any representatives except to provide the names of those who authored the letter that indicated that Plaintiff would be placed on administrative leave.

Accordingly, Plaintiff demands Defendant amend its answer to Interrogatory 25 to be fully responsive.

**Document Request No.3**
This Document Request asks for Dr. Libutti's entire employment and/or personnel file(s) maintained by Rutgers and/or CINJ.

Rutgers objects stating that the request is outside the scope of permissible discovery, seeks information or documents pertaining to individuals that bear no relevance to Plaintiff Goydos, and the information is confidential/invasion of privacy.

Dr. Libutti is an essential person in this lawsuit. His personnel file and/or employment file has information that is relevant to this lawsuit.

Accordingly, Plaintiff demands Defendant amend its response to Document Request 3 to be fully responsive.

**Document Request No.5**
This Document Request seeks all documents, materials, and/or communications that Rutgers and/or CINJ submitted regarding Dr. Goydos to the National Practitioners Data Bank and/or any other government or non-government agency that oversees the performance and/or licensure of physicians.

The documents sought are reasonable related to the claims/defenses in this matter.

Accordingly, Plaintiff demands Defendant amend its response to Document Request 5 to be fully responsive.

# blicklaw llc

John K. Bennett, Esq
Robert J. Cino, Esq.
August 19, 2024
Page 9 of 12

## Document Request No.6

This document request is completely unresponsive.

Rutgers' retention of general counsel and/or outside counsel, including Saiber, is known to be one involving an institution retaining a law firm to conduct an investigation, not to provide legal counsel for this particular instance. No attorney-client privilege exists accordingly as it relates to that. Notwithstanding, even if there were a privilege, which there is not, the specific individuals with whom Rutgers interacted with are indeed not communications that would constitute privileged information, nor are the specific documents relating to those communications.

Accordingly, Plaintiff demands Defendant amend its response to Document Request 6 to be fully responsive.

## Document Request No.7

This document request is completely unresponsive. Please provide all electronic data, files, and/or information upon which Rutgers relied in determining the alleged culpability of Dr. Goydos regarding the Camera Incident and/or any other alleged misconduct.

Rutgers retention of outside counsel to conduct the investigation to determine who was responsible for the Camera Incident does not excuse Rutgers from providing documents within their possession responsive to this request.

Accordingly, Plaintiff demands Defendant amend its response to Document Request 7 to be fully responsive.

## Document Request No.8

This document request is completely unresponsive. Please provide copies of retainer agreements of any all professionals involved in Rutgers' and/or CINJ's investigation of the Camera Incident, Dr. Goydos, and/or Dr. Libutti.

This request is directly related the claims in this matter in order to discovery what entities or persons have information or data regarding or relating to the Camera Incident, our client, or Dr. Libutti.

# blicklaw llc

John K. Bennett, Esq
Robert J. Cino, Esq.
August 19, 2024
Page 10 of 12

Accordingly, Plaintiff demands Defendant amend its response to Document Request 8 to be fully responsive.

**Document Request No.9**
Please provide all communication to which Rutgers and/or CINJ was a party regarding Dr. Goydos related to the Anonymous Complaints and investigation conducted by Saiber. Rutgers retained Saiber and thus must product all documents in its possession responsive of this demand.

Accordingly, Plaintiff demands Defendant amend its response to Document Request 9 to be fully responsive.

**Document Request No.16**
This document request is completely unresponsive.

Det. Walter P. Kelley's affidavit dated March 29, 2018 contained only 8 bullet points between pages 11 and 12. Specific times, dates, and information are associated with each bullet point and is thus limited in time and scope. Additionally, the documents responsive to this request are directly relevant to the claims in this matter.

Accordingly, Plaintiff demands Defendant amend its response to Document Request 16 to be fully responsive.

**Document Request No.17 and No. 18**
This document request is completely unresponsive. Please provide a copy of the computer file, all documents, and communications pertaining to and referring to as Goydos Oct Ime. Additionally, please provide copies of all reports, paper and electric communications, chains of custody, and HIPPA business associate agreement covering the analysis of this file.

Rutgers invoked generalized objections. However, the information and documents requested are directly related to the claims in the case because Dr. Goydos' work computer was copied without probable cause. Additionally, it is relevant because after the RCINJ IT representative realized that the internal investigation was unsanctioned, deleted all other copies of the October image of Dr. Goydos' computer, leaving Dr. Libutti, his attorneys, and Secure

# blicklaw llc

John K. Bennett, Esq
Robert J. Cino, Esq.
August 19, 2024
Page 11 of 12

Investigations in possession of what is believed to be the only remaining copy of the October 2, 2017 image.

Accordingly, Plaintiff demands Defendant amend its responses to Document Request 17 and 18 to be fully responsive.

**Document Request No. 19**
This document request is completely unresponsive. Please provide communications between Rutgers and the Robert Wood Johnson IRB pertaining to the forensic and non-forensic copies of Dr. Goydos' RCINJ office computer. Specifically, any documents or other types of communication referring to the protected information of patients participating in clinical trials that was contained on Dr. Goydos' office computer.

This request is relevant because Rutgers took images of Dr. Goydos' work computer which contained protected and private information regarding his patients' medical records.

Accordingly, Plaintiff demands Defendant amend its response to Document Request 19 to be fully responsive.

**Document Request No. 20**
This request is completely unresponsive. Please provide all communications between Rutgers University officials and the Office of Civil Rights, Department of Health and Human Services pertaining to the forensic and non-forensic copies of Dr. Goydos' RCINJ office computer. Specifically, any documents or other types of communication referencing the HIPPA-protected patient data that was contained on Dr. Goydos' office computer.

This request is relevant because Rutgers took images of Dr. Goydos' work computer which contained protected and private information regarding his patients' medical records

Accordingly, Plaintiff demands Defendant amend its response to Document Request 19 to be fully responsive.

**Document Request No. 21**
This request is completely unresponsive. Please provide all communications between Rutgers and the United States FDA pertaining to the forensic and non-forensic copies of Dr. Goydos'

# blicklaw llc

John K. Bennett, Esq
Robert J. Cino, Esq.
August 19, 2024
Page 12 of 12

RCINJ office computer. Specifically, any documents or other types of communication referencing the protected and proprietary data related to FDA-approved clinical trials that was contained on Dr. Goydos' office computer.

This request is relevant because Rutgers took images of Dr. Goydos' work computer which contained protected and private information regarding his patients' medical records.

Accordingly, Plaintiff demands Defendant amend its response to Document Request 19 to be fully responsive.

Please provide amended answers to Plaintiffs interrogatories and all requested documents to the undersigned within ten (10) days to avoid motion practice. Thank you.

Very truly yours,

SHAUN I. BLICK, ESQ.

cc:  all counsel (via e-mail)

# EXHIBIT

# D

# jackson lewis.®

Representing Management Exclusively in Workplace Law and Related Litigation

**Jackson Lewis P.C.**
200 Connell Drive
Suite 2000
Berkeley Heights NJ 07922
Tel 908 795-5200
Fax 908 464-2614
www.jacksonlewis.com
Jason C. Gavejian – Managing Principal

| | | | |
|---|---|---|---|
| ALBANY, NY | DETROIT, MI | MINNEAPOLIS, MN | RALEIGH, NC |
| ALBUQUERQUE, NM | GRAND RAPIDS, MI | MONMOUTH COUNTY, NJ | RICHMOND, VA |
| ATLANTA, GA | GREENVILLE, SC | NASHVILLE, TN | RIVERSIDE, CA |
| AUSTIN, TX | HARTFORD, CT | NEW ORLEANS, LA | SACRAMENTO, CA |
| BALTIMORE, MD | HOUSTON, TX | NEW YORK, NY | SALT LAKE CITY, UT |
| BERKELEY HEIGHTS, NJ | INDIANAPOLIS, IN | NORFOLK, VA | SAN DIEGO, CA |
| BIRMINGHAM, AL | JACKSONVILLE, FL | OMAHA, NE | SAN FRANCISCO, CA |
| BOSTON, MA | KANSAS CITY REGION | ORANGE COUNTY, CA | SAN JUAN, PR |
| CHARLOTTE, NC | LAS VEGAS, NV | ORLANDO, FL | SEATTLE, WA |
| CHICAGO, IL | LONG ISLAND, NY | PHILADELPHIA, PA | SILICON VALLEY, CA |
| CINCINNATI, OH | LOS ANGELES, CA | PHOENIX, AZ | ST. LOUIS, MO |
| CLEVELAND, OH | LOUISVILLE, KY | PITTSBURGH, PA | TAMPA, FL |
| DALLAS, TX | MADISON, WI | PORTLAND, OR | WASHINGTON DC REGION |
| DAYTON, OH | MIAMI, FL | PORTSMOUTH, NH | WHITE PLAINS, NY |
| DENVER, CO | MILWAUKEE, WI | PROVIDENCE, RI | |

JOHN K. BENNETT
Direct Dial:  908-795-5129
Email Address:  john.bennett@jacksonlewis.com

September 25, 2024

**VIA ELECTRONIC MAIL**
Shaun I. Blick, Esq.
Blick Law LLC
220 Davidson Avenue, Suite 300
Somerset, New Jersey 08873

Re:  Goydos, *et al.* v. Rutgers University, *et al.*
Civil Action No.: 3:19-cv-08966-RK-JTQ

Dear Mr. Blick:

This will respond, on behalf of Defendant, Rutgers, the State University of New Jersey ("Rutgers"), to your correspondence dated August 19, 2024, asserting some deficiencies in Rutgers' responses to certain of Plaintiff Goydos' interrogatories and document demands.

Contrary to the assertions in your correspondence, Rutgers has provided proper objections and responses to Plaintiff Goydos' discovery requests, and has been fully responsive in its document production, consistent with the reasonable scope of discovery under the Federal Rules, given the claims and issues in this action. Nonetheless, in a good-faith effort to address your stated deficiencies, we provide this response on Rutgers' behalf.

First, Rutgers stands by its objections that Plaintiff's interrogatories and document demands are overly broad, unduly burdensome, and seek information that is neither relevant to the subject matter involved in this action nor proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the burden and/or because the expense of the discovery sought outweighs its likely benefit. Many of Plaintiff's interrogatories and requests for production of documents are overly broad and seek information that is beyond the scope of Federal Rules of Civil Procedure 26, 33 and 34.  Further, as to those interrogatories and document demands seeking discovery outside any time period relevant to Plaintiff's claims and allegations, Rutgers has provided information and documents from 2017 to the present, a temporal scope that is reasonable given the claims and defenses in this action.

**jackson⎮lewis.**

Shaun I. Blick, Esq.
Blick Law LLC
September 25, 2024

As to the remainder of your stated deficiencies, Rutgers responds as follows:

## A. Interrogatories

**Interrogatory No. 3:**  Rutgers maintains its objections to this interrogatory, to which it has properly responded. Rutgers' objection regarding an incorrect assumption of fact is appropriate. As Rutgers explained in its response, Rutgers conducted an investigation through outside counsel to determine who was responsible for the conduct complained of in the Anonymous Complaints, not an investigation into any one individual specifically (including Plaintiff Goydos). Plaintiff Goydos's request for Rutgers to "identify all individuals and entities involved in said investigation(s), any analyses performed, who directed that investigation, what information was relied and/or evidence gathered upon by investigators, any conclusions and/or reports issued, and provide the chain of custody for all evidence obtained" has been properly responded to. As Plaintiff notes, Rutgers referred Plaintiff Goydos to its responses to Interrogatory Nos. 1 and 2, which fully describe the relevant events and information requested in this interrogatory.

Your correspondence alleges that the "answer to interrogatory 2 identifies certain individuals who had imaged Plaintiff's computer, but remains silent as to other individuals who were conducting the investigation or what role they may have played." Plaintiff's assertion that individuals other than those mentioned in Rutgers' response to Interrogatory Nos. 1 and 2 were involved in the imaging of his computer, without providing any support for that assertion, does not make Rutgers' response deficient. Further, on page 3 of your correspondence, you concede that Plaintiff has knowledge of the identity of the outside counsel retained for purposes of this investigation, with whom both Plaintiff Goydos and you corresponded by e-mail during that investigation. Nonetheless, in a good-faith effort to resolve this dispute, Rutgers states the outside counsel involved in the workplace investigation into the Anonymous Complaints was Saiber, LLC.

**Interrogatory No. 4:**  Rutgers maintains its objections to this interrogatory, to which it has properly responded. Plaintiff's assertion that "[m]erely citing to the responsive pleadings filed in this case does not provide for the factual support and detail to which Plaintiffs are entitled and of which has been inquired" is incorrect; Rutgers has fully responded to this interrogatory.  Not only has Rutgers stated it will rely on the factual bases stated in its counterclaims and/or pleadings and/or discovery responses (which are self-evident), Rutgers also may rely at trial on all documents it produces or are otherwise produced in this action by any party or non-party; all documents and other evidence in the possession of the Middlesex County Prosecutor's Office ("MCPO") in connection with its prosecution of Plaintiff (once those documents have been produced by Plaintiff and the MCPO); as well as all documents and other evidence gathered, created, or otherwise in the possession of Plaintiff, or any person or entity retained by any of them.  Further, this request is premature, as discovery is on-going and, therefore, it is impossible for Rutgers to specifically identify each and every document which it may rely on at trial.  Accordingly, Rutgers has fully and properly responded to this interrogatory.  Further, Rutgers states it will follow the Federal Rules of Civil Procedure regarding the identification of trial exhibits in the Final Pretrial Order.

Shaun I. Blick, Esq.
Blick Law LLC
September 25, 2024

To the extent that Plaintiff Goydos is requesting that Rutgers identify and produce documents and evidence in the possession of the MCPO, Plaintiff Goydos is in possession of those materials, and Rutgers is not. Plaintiff has failed to comply with Rutgers' request to produce any and all documents relating, referring, or concerning any and all criminal charges, convictions or guilty pleas of Plaintiff Goydos in the last ten (10) years. Plaintiff Goydos has failed to produce any documents that the MCPO produced to him during discovery in the criminal action against him. Plaintiff Goydos is required to produce the entire MCPO file that was produced to him and/or his counsel in the criminal matter. Rutgers further responds that this requested information is readily obtainable from Plaintiff Goydos, who already has this discovery. See Fed. R. Civ. P. 26 (b) (1) ("considering … the parties' relative access to relevant information…").

**Interrogatory No. 6:** Rutgers maintains its objections to this interrogatory, to which it has properly responded. All of the information requested by Plaintiff can be found in the responsive documents identified by Rutgers in response to this interrogatory. Further, Plaintiff has failed to explain how conversations Rutgers may have had with potential victims relates to Dr. Goydos' claims in this matter. Accordingly, Plaintiff's request for Rutgers to provide an amended response to this Interrogatory is without basis.

**Interrogatory No. 7 and Document Request No. 6:** Rutgers maintains its objections to this interrogatory and document demand. Plaintiff asserts he is entitled to a full description of the relationship between Rutgers and Saiber, including any instructions given by Rutgers to Saiber, the attorneys and staff members at Saiber with whom Rutgers worked, and to provide copies of all communications, written or oral, relating to the investigation conducted by Saiber on behalf of Rutgers. The only explanation Plaintiff gives for this assertion seeking to justify this interrogatory and document demand is that Saiber was retained to conduct an investigation, not to provide legal counsel and, therefore, no attorney-client or work-product privilege applies. Plaintiff fails, however, to provide any support for any such contention. Further, Plaintiff provides no proffer as to why this information is relevant to Plaintiff's remaining claims in this action or otherwise within the scope of permissible discovery under Rule 26. Additionally, much of this information has either already been provided in other discovery responses and/or documents and/or is already within the knowledge of Plaintiff. Accordingly, Plaintiff's demand for Rutgers to provide an amended response to this interrogatory and/or document demand is without any proper basis.

**Interrogatory No. 9:** Rutgers maintains its objections to this interrogatory. Contrary to Plaintiffs' assertion, Plaintiff Goydos' request that Rutgers state whether it contends it had the right to seize and/or gain access to his Rutgers-issued work computer for purposes of copying or creating an image, and, if so, the bases upon which Rutgers relies in justifying that imaging, would require Rutgers to state a legal conclusion. This interrogatory does not request factual information related to the imaging of Plaimtiff Goydos' computer, but instead requires Rutgers to reveal its litigation strategy regarding its analysis of his Fourth Amendment claim. This request is beyond the scope of discovery allowed by the Federal Rules of Civil Procedure and, therefore, Rutgers' objections are proper.

**jackson lewis.**

**Interrogatory No. 10:** Rutgers maintains its objections to this interrogatory. Plaintiff Goydos asks Rutgers to identify the date when Rutgers first became aware that his work-issued computer had been imaged and/or seized, how it became aware, from whom, and its understanding of the nature of access, seizure, and/or imaging, and what steps, if any, Rutgers took to either permit same or otherwise disavow and prevent further access, seizure, and/or imaging. Plaintiff Goydos fails to explain how events that occurred after the conduct that allegedly violated his constitutional rights are relevant to his claims that the alleged unauthorized imaging violated his Fourth Amendment rights. Accordingly, any conduct occurring after such alleged intrusion into his personal privacy, including anything that happened to the actual image taken, is irrelevant to Plaintiff Goydos' claims in this action. This kind of "fishing expedition" for irrelevant information is not proper, and is outside the scope of discovery permitted by the Federal Rules of Civil Procedure.

**Interrogatory No. 13:** See Rutgers' Response to Interrogatory No. 3, *supra*.

**Interrogatory No. 14:** Rutgers maintains its objections to this interrogatory, to which it has properly responded. As Rutgers stated in its interrogatory response, Rutgers conducted an investigation, through outside counsel, to determine who was responsible for the conduct complained of in the Anonymous Complaints, not an investigation into any one individual specifically. Moreover, as Rutgers has stated in response to this interrogatory, information pertaining to individuals other than Plaintiff Goydos is irrelevant, does not tend to prove or disprove Plaintiffs' claims, and is otherwise not within the scope of permissible discovery under Rule 26. Therefore, Rutgers' objections are proper, and Rutgers has fully and properly responded to this interrogatory.

**Interrogatory No. 16:** Rutgers maintains its objections to this interrogatory, to which it has properly responded. Plaintiff Goydos asserts, without providing any support, that Rutgers must state a specific dollar amount for the damages it seeks in its counterclaims. This is inaccurate. Rule 26 "does not place a great burden on" the charging party to compute each category of damages it claims. See Stemrich v. Zabiyaka, 2013 U.S. Dist. LEXIS 113674, at *4 (M.D. Pa. Aug. 13, 2013). All that is required is that the disclosures are sufficiently specific that the opposing party has some basis to calculate the damages claimed against it. Id. (citing 6 James W. Moore, et al., *Moore's Federal Practice* § 15.02 (3d ed. 2010)). Rutgers' response provides such information. Rutgers has stated that it is seeking equitable, economic, compensatory, and punitive damages against Plaintiff Goydos, as well as an award of its reasonable attorneys' fees and costs incurred in pursuing its amended counterclaims against him and, where applicable, its reasonable attorneys' fees and costs incurred in its defense against the claims brought by both Plaintiffs, as well as such other relief as the Court may deem to be just and proper. Accordingly, Rutgers has properly responded to this request, and Plaintiff's request for an amended answer is without basis.

**Interrogatory No. 17:** Rutgers maintains its objections to this interrogatory, to which it has properly responded. Nonetheless, in a good faith effort to resolve this stated deficiency, Rutgers states it will provide the declaration page(s) for the relevant insurance policy.

**jackson|lewis.**

Shaun I. Blick, Esq.
Blick Law LLC
September 25, 2024

      **Interrogatory No. 18:**  Rutgers maintains its objections to this interrogatory, to which it has properly responded.  Rutgers has provided Plaintiffs with the job description for Dr. Libutti's position with Rutgers and, therefore, has provided all the information requested in this interrogatory. Plaintiff Goydos fails to provide any proffer as to how Rutgers' response is deficient. Plaintiff Goydos focuses on Rutgers' objections (which are also proper), instead of acknowledging the responsive information Rutgers has provided. Accordingly, Rutgers has fully responded to this interrogatory, and Plaintiff Goydos' request for an amended answer is without basis.

      **Interrogatory No. 19:**  Rutgers maintains its objections to this interrogatory, which are proper.  Plaintiff Goydos' request essentially asks Rutgers to provide all communications with various third parties relating to him. Although interrogatories may request the production of documents, this type of broad document request is inappropriate for an interrogatory and is better suited for a request for production of documents. In fact, Plaintiff Goydos made a similar request in Document Request No. 4, to which Rutgers has also fully and properly responded.  As stated in Rutgers' response to Plaintiffs' Document Request No. 4, that request is overly broad, as the amount of ESI requested would be too voluminous for the review and production to be conducted without placing an undue burden upon Rutgers.  Rutgers' counsel has invited Plaintiff's counsel to "meet and confer" regarding the proper scope for such requests for production of ESI. To date, however, your office has failed to acknowledge this request to discuss an appropriate e-discovery protocol.

      **Interrogatory No. 20:**  Rutgers maintains its objections to this interrogatory, to which it has properly responded.  In response to Plaintiffs' Interrogatory No. 1, Rutgers has already provided all of the requested information regarding the facts and circumstances as to beginning an investigation to determine who was responsible for the conduct alleged in the Anonymous Complaints. Plaintiff Goydos fails to provide any proffer as to how that information, which Rutgers incorporates by reference in response to this interrogatory, is insufficient. Plaintiff merely asserts, without providing any support, that Rutgers' retention of Saiber for purposes of this investigation is not subject to the attorney-client privilege. Accordingly, Rutgers has properly responded to this interrogatory.

      **Interrogatory No. 21:**  Rutgers maintains its objections to this interrogatory, to which it has properly responded.  Plaintiff Goydos asks Rutgers to state whether it entered into any HIPAA business associate agreement with any third parties in connection with the turnover of any investigation materials or evidence to those third parties in connection with the investigation. Rutgers properly objected on the basis that the information was neither relevant to the subject matter nor proportional to the needs of the case, and that this interrogatory seeks documents or information protected by the attorney-client privilege and/or attorney work-product doctrine. Plaintiff Goydos offers no explanation as to how this information relates to his claims in this action. Plaintiff Goydos' request is a "fishing expedition" for irrelevant information, which is not within the scope of permissible discovery under Rule 26. Accordingly, Rutgers' objections to this interrogatory are proper, and Plaintiff Goydos' request that Rutgers amend its response is without any proper basis.

**jackson lewis.**

Shaun I. Blick, Esq.
Blick Law LLC
September 25, 2024

**Interrogatory No. 22:** Rutgers maintains its objections to this interrogatory, to which it has properly responded. As an initial matter, Plaintiff Goydos misstates the basis for Rutgers' objections when he states that Rutgers has "failed to specify how any of the stated privileges apply" to this interrogatory. Rutgers has not asserted any privilege in response to this interrogatory. Rather, Rutgers' objections to this request are, among other things, that it is vague, ambiguous, overly broad, unduly burdensome, not properly limited in time or scope, and seeks information which is neither relevant to the subject matter of this litigation nor proportional to the needs of the case, and therefore outside the scope of discovery permitted by Rule 26. Plaintiff Goydos fails to provide any proffer as to how the information requested in this interrogatory relates to his claims in this action. Accordingly, Rutgers objections are proper, and Plaintiff Goydos' request for Rutgers to amend its response is without basis.

**Interrogatory No. 23:** See Rutgers' Response to Interrogatory No. 3, *supra*. The duplicative requests for this information in the discovery demands, which are again repeated here, are inappropriate and harassing particularly in light of the fact that Plaintiff Goydos was fully aware of this information prior to discovery.

**Interrogatory No. 24:** Rutgers maintains its objections to this interrogatory, which are proper. Plaintiff Goydos' proffer that "this request is relevant because after the RCINJ IT representatives realized that the internal investigation was unsanctioned, deleted all other copies of the October image of Dr. Goydos' computer, leaving Dr. Libutti, his attorneys, and Secure Investigations in possession of what is believed to be the only remaining copy of the October 2, 2017 image" fails to proffer how actions that occurred after the alleged conduct that Plaintiff Goydos claims violated his constitutional rights occurred is relevant to his claim. Plaintiff Goydos has provided no explanation to support his contention that the conduct of non-parties is relevant to his claims against Rutgers. Rutgers' objections are proper, and Plaintiff's request for Rutgers to amend its answer to this interrogatory is without basis. Nonetheless, in a good-faith effort to resolve this asserted deficiency, Rutgers states that, upon information and belief, the discovery requested in this interrogatory is currently in the possession of Lee Vartan, Esq.

**Interrogatory No. 25:** Rutgers maintains its objections to this interrogatory, to which it has properly responded. Plaintiff Goydos' request for Rutgers to identify the representatives with the most knowledge concerning the "Camera incident and/or Dr. Goydos" is too vague to allow Rutgers to properly respond. Nonetheless, Rutgers has incorporated by reference its response to Interrogatory No. 1, which provides a detailed description of the relevant events. Further, this type of information is better suited for depositions, not written interrogatories. Accordingly, Rutgers has provided an appropriately complete response to this interrogatory.

**B. Documents**

**Document Request No. 3:** Rutgers maintains its objections to this document demand. Plaintiff Goydos fails to sufficiently provide an explanation as to why Dr. Libutti's personnel file is relevant to his claims in this action or is otherwise within the scope of permissible discovery pursuant to Rule 26. Plaintiff asserts that "Dr. Libutti is an essential person in this

lawsuit" and "[h]is personnel file and/or employment file has information that is relevant to this lawsuit," but provides no explanation to support his assertions concerning Dr. Libutti's personnel records. Dr. Libutti has been dismissed from this action, along with all claims alleging any wrongdoing by Dr. Libutti. Plaintiff has set forth no basis to require Rutgers' production of Dr. Libutti's personnel records. See, e.g., Ross-Tiggett v. Reed Smith, LLP, 2019 U.S. Dist. LEXIS 247768, at *8 (D.N.J. Mar. 26, 2019) (courts should grant discovery requests seeking personnel files of non-parties only when they are appropriately tailored to plaintiff's claims and identify specifically what plaintiff seeks from those personnel files); Dixon v. Rutgers, 110 N.J. 432, 454 (1988) (plaintiff is not entitled to general examination of individual defendants' files merely because plaintiff filed complaint); Korostynki v. State of N.J., 266 N.J. Super. 549, 559 (1993) (denying Plaintiff's request for personnel files of other employees because plaintiff did not establish minimum threshold of need and plaintiff's request amounted to "little more than a fishing expedition.").

**Document Request No. 5:** Rutgers maintains its objections to this document demand. Plaintiff Goydos fails to sufficiently proffer how documents, materials, and/or communications regarding him that Rutgers and/or CINJ submitted to the National Practitioners Data Bank and/or any other government or non-government agency overseeing the performance and/or licensure of physicians relate to his claims. Plaintiff Goydos' general, conclusory assertion that "the documents sought are reasonabl[y] related to the claims/defenses in this matter" is not a sufficient proffer. Further, this request is also overly broad as the amount of ESI requested would be too voluminous for the review and production to be conducted without placing an undue burden upon Rutgers. Rutgers' counsel has invited Plaintiff's counsel to "meet and confer" regarding the proper scope for this request, but, to date, your office has failed to acknowledge this request to discuss an appropriate e-discovery protocol.

**Document Request No. 6:** This is addressed above.

**Document Request No. 7:** Rutgers maintains its objections to this document demand. This document request demands that Rutgers provide all electronic data, files, and/or information upon which Rutgers relied in determining the alleged culpability of Plaintiff Goydos regarding the Camera Incident and/or any other alleged misconduct. Plaintiff's request incorrectly assumes that Rutgers determined the culpability of Plaintiff Goydos. Rutgers, through outside counsel, conducted an investigation to determine who was responsible for the conduct complained of in the Anonymous Complaints. Due to the criminal proceedings instituted against Dr. Goydos, that investigation ceased before outside counsel came to any conclusion as to who was responsible for the conduct complained of in the Anonymous Complaints. It was the MCPO, a grand jury, and Plaintiff Goydos' own guilty plea that determined his culpability for his misconduct.

This request is also overly broad, as the amount of ESI requested would be too voluminous for the review and production to be conducted without placing an undue burden upon Rutgers. For example, Plaintiff Goydos' request could implicate all e-mails discussing his involvement not only in the Camera Incident, but in any alleged misconduct throughout his entire tenure with Rutgers. This is obviously overly broad and would require production of documents completely unrelated

# jackson|lewis.

Shaun I. Blick, Esq.
Blick Law LLC
September 25, 2024

to the claims and defenses in this action. Rutgers' counsel has invited Plaintiff's counsel to "meet and confer" regarding the proper scope for this request, but, to date, your office has failed to acknowledge this request to discuss an appropriate e-discovery protocol.

**Document Request No. 8:** Rutgers maintains its objections to this document demand. This document request demands that Rutgers provide any and all copies of retainer agreements with any and all professionals involved in Rutgers' and/or CINJ's investigation of the Camera Incident, Plaintiff Goydos, and/or Dr. Libutti, including those serving in the capacity of an investigator. Rutgers has properly objected that this document demand is vague, overly broad, unduly burdensome, not properly limited in time or scope, not reasonably related to the claims or defenses in this matter, is otherwise outside the scope and limits of permissible discovery pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and that this document demand seeks documents protected by the attorney-client and/or attorney work-product doctrine. Plaintiff Goydos asserts that "[t]his request is directly related [to] the claims in this matter in order to discover[] what entities or persons have information or data regarding or relating to the Camera Incident, our client, or Dr. Libutti." Plaintiff Goydos' assertion, however, fails to proffer how retainer agreements would provide such information, especially considering the identity of those individuals and/or entities involved in the investigation have already been provided by Rutgers through responses to other discovery requests and/or the production of responsive documents. Accordingly, Plaintiff Goydos has failed to provide a proffer as to how this document demand relates to the claims in this action, and Rutgers' objections are therefore proper.

**Document Request No. 9:** Rutgers maintains its objections to this document demand, to which it has properly responded. Plaintiff Goydos has failed to address Rutgers' objections regarding this document demand being vague, unduly burdensome, not properly limited in time or scope, and otherwise outside the scope and limits of permissible discovery pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure. Further, this request is also overly broad, as the amount of ESI requested would be too voluminous for the review and production to be conducted without placing an undue burden upon Rutgers. Rutgers' counsel has invited Plaintiff's counsel to "meet and confer" regarding the proper scope for this request, but, to date, your office has failed to acknowledge this request to discuss an appropriate e-discovery protocol. Nonetheless, Rutgers has fully and properly responded to this document demand by identifying documents responsive to Plaintiff Goydos' request. Accordingly, Plaintiff Goydos' request that Rutgers amend its response to this document demand is without basis.

**Document Request No. 16:** Rutgers maintains its objections to this document demand, to which it has properly responded. Plaintiff Goydos has failed to provide an adequate proffer of how these documents are relevant to his claims in the matter, instead relying on a general, conclusory statement that "the documents responsive to this request are directly relevant to the claims in this matter." Accordingly, Rutgers' objections to this document demand are proper. Further, Plaintiff has failed to address Rutgers' objection that this request is overly broad, as the amount of ESI requested would be too voluminous for the review and production to be conducted without placing an undue burden upon Rutgers. Rutgers' counsel has invited Plaintiff's counsel to

Shaun I. Blick, Esq.
Blick Law LLC
September 25, 2024

"meet and confer" regarding the proper scope for this request, but, to date, your office has failed to acknowledge this request to discuss an appropriate e-discovery protocol.

   **Document Request Nos. 17 and 18:**  Rutgers maintains its objections to this document demand. Plaintiff Goydos has failed to provide an adequate proffer as to how these document demands relate to his claims in this action. He merely asserts that his Fourth Amendment rights were violated "because Dr. Goydos' work computer was copied without probable cause." Accordingly, it is the copying of Plaintiff Goydos' computer and the facts leading up to it, not the contents of any such documents produced as a result of such copying, that is relevant to his claims. Plaintiff Goydos has failed to provide any proffer as to how the computer file allegedly produced as a result of such copying relates to his claims; therefore, Rutgers' objections to the document demand are proper.  Further, Plaintiff Goydos fails to acknowledge Rutgers' objection with respect to overbreadth.  As stated above, Rutgers' counsel has invited Plaintiff's counsel to "meet and confer" regarding the proper scope for this request, but, to date, your office has failed to acknowledge this request to discuss an appropriate e-discovery protocol.

   **Document Request No. 19, 20, and 21:** Rutgers maintains its objections to these document demands.  Plaintiff Goydos has failed to provide an adequate proffer as to how these document demands relate to his claims in this action. In particular, Plaintiff Goydos has provided no explanation as to how his work computer allegedly having contained private information regarding his patient's medical records relates to his claims for violation of his Fourth or Fifth Amendment rights, or his conversion claim.  Accordingly, these document demands are not reasonably related to the claims or defenses in this action, and therefore, are outside the scope of permissible discovery pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure.

   Following your review, please advise when you are available to discuss these matters.

      Very truly yours,

      JACKSON LEWIS P.C.

      John K. Bennett

JKB/lcs
cc: Mark A. Speed, Esq. (via email)

9