# JacksonLewis

**Jackson Lewis P.C.**
200 Connell Drive, Suite 2000
Berkeley Heights NJ  07922
(908) 795-5200 Direct
(908) 464-2614 Fax
jacksonlewis.com
Jason C. Gavejian – Managing Principal

JOHN K. BENNETT
Email Address:  John.Bennett@jacksonlewis.com

April 2, 2025

**VIA ECF**
Honorable Justin T. Quinn, U.S.M.J.
United States District Court, District of New Jersey
402 East State Street
Trenton, New Jersey 08608

      Re:    Goydos, et al. vs. Rutgers, The State University of New Jersey
                Civil Action No. 3:19-cv-08966-RAK-JTQ

Dear Judge Quinn:

      This Firm represents Defendant, Rutgers, The State University of New Jersey ("Rutgers"), in this action. We respectfully submit this status letter pursuant to Your Honor's March 25, 2025 text Order (Dkt. No. 165, filed 03/25/2025). The parties have conferred in an effort to file a joint letter, but Plaintiffs' counsel refused to consent to include Rutgers' below position in that letter. Accordingly, please find Rutgers' position as to all outstanding discovery disputes below.

### I.    Plaintiff's Failure To Provide Relevant And Responsive Discovery.

      Despite Plaintiffs previously representing to the Court that they would produce all documents responsive to Rutgers' written discovery requests, including all documents identified during the first day of Plaintiffs' deposition, Plaintiffs continue to withhold necessary and relevant discovery. As stated in Rutgers' December 2, 2024 letter (Dkt. No. 154, filed 12/2/2024), Rutgers completed the first day of deposition for each Plaintiff. However, due to Plaintiffs identifying responsive documents for the first time during depositions, Rutgers could not complete the depositions until such additional discovery materials were produced. (Id.). This included outstanding relevant and responsive documents identified during Plaintiffs' deposition, as well as executed authorizations for Plaintiffs' relevant medical, employment and third-party agency records. (Id.)

      As such, on December 13, 2024, Rutgers requested the Court intervene as to Plaintiffs' failure to produce these documents. (See Dkt. No. 157, filed 12/13/2024). As part of this letter, Rutgers included for the Court's review copies of its October 29, 2024, November 6, 2024, and November 18, 2024 letters to Plaintiffs' counsel requesting the outstanding documents and authorizations. (See Dkt. No. 157-1, Exhibits A-C, filed 12/13/2024).

**JacksonLewis**

In response to Rutgers' December 13, 2024 letter, Your Honor entered a text Order directing Plaintiffs' counsel to file a letter responding to the deficiencies identified by Rutgers by December 20, 2024. (See Dkt. No. 158, filed December 16, 2024). On December 20, 2024, Plaintiff served Rutgers with a supplemental production of documents bates marked GOYDOS001404 through GOYDOS001807, consisting of tax returns and related documents from 2017 to 2023, documents regarding estimates and services performed for certain home repairs, a Curriculum Vitae for Dr. Martins dated June 6, 2018, and redacted invoices for various landscaping work performed at Plaintiffs' residence. Plaintiffs also produced various authorizations for the release of Dr. Goydos' relevant medical and third-party agency records, but did not return an executed Consent Order for the release of Dr. Goydos' unemployment compensation records from the New Jersey Department of Labor or any authorizations for the release of Dr. Martins' relevant medical records.

Also on December 20, 2024, Plaintiffs filed a letter informing the Court of their recent production, but requesting an additional fourteen (14) days to provide additional responsive materials. (See Dkt. No. 159, filed 12/20/2024). Notably, despite failing to produce such with their December 20, 2024 supplemental production, Plaintiffs stated in this letter they provided an executed Consent Order for release of Dr. Goydos' unemployment records. (Id.). Plaintiffs also stated they were withdrawing their previous objections to providing relevant authorizations for the release of Dr. Martins' medical records, and that they would produce a signed authorization from Dr. Martins once received, which they produced to Rutgers on December 23, 2024. (Id.).

On December 23, 2024, the Court entered a text Order allowing Plaintiffs until January 7, 2025 to produce the additional materials referenced in their December 20, 2024 letter. (See Dkt. No. 160, filed 12/23/2024). On January 6, 2025, Plaintiffs' counsel contacted Defense counsel to request a one week extension of time to provide the outstanding documents. (See e-mail chain dated January 6, 2025 through January 7, 2025, attached hereto as Exhibit A). Defense counsel consented to this extension on January 7, 2025, and further noted Plaintiffs had yet to provide Defense counsel with a signed copy of the Consent Order agreeing to the release of Dr. Goydos' unemployment records. (See id.). On January 14, 2025, Plaintiffs served another supplemental production, bearing bates mark numbers GOYDOS001808 through GOYDOS001900, consisting of invoices pertaining to attorneys' fees incurred by Plaintiffs in both Dr. Goydos' criminal action and this civil action, additional tax returns and related documents, and an invoice from Verizon regarding charges for four telephone lines.

After Rutgers sent Dr. Kenneth Freundlich the signed authorization and requested he produce records pertaining to Dr. Goydos, Dr. Freundlich advised that he did not provide psychotherapy treatment to Dr. Goydos, but instead conducted an evaluation of Dr. Goydos. As such, Dr. Freundlich stated he could not release any records without an updated authorization. Rutgers sent such authorization to Dr. Goydos on January 23, 2025. (See January 23, 2025 correspondence, attached hereto as Exhibit B).

**JacksonLewis**

After reviewing Plaintiff's supplemental production, Rutgers identified various outstanding deficiencies and, therefore, sent correspondence to Plaintiffs on January 30, 2025. (See January 30, 2025 correspondence, attached hereto as Exhibit C). Specifically, Rutgers' letter requested Plaintiffs provide additional information and/or documents pertaining to the following topics: (i) whether Dr. Martins updated her curriculum vitae since June 6, 2018 and, if so, to provide the most updated version of such; (ii) noting that documents bearing bates mark numbers GOYDOS001889 through GOYDOS001900 (invoices relating to lawn maintenance performed at Plaintiffs' residence) contain redactions to the dates of service and appear to indicate additional responsive documents relating to these services exist and, therefore, requesting Plaintiffs provide unredacted versions of the documents and any additional documents relating to the lawn service; (iii) requesting Plaintiffs confirm which of the services as shown in the estimates produced in discovery were actually performed and to produce documents pertaining to the performance of such; and (iv) requesting the outstanding documents and information identified during the Plaintiffs' depositions and previously requested in Rutgers' November 6, 2024 (see Dkt. No. 157-1, Exhibit A, filed 12/13/2024), November 18, 2024 (see Dkt. No. 157-1, Exhibit B, filed 12/13/2024), and December 13, 2024 (see Dkt. No. 157, filed 12/13/2024) correspondences. Further, Rutgers also followed up on the outstanding Consent Order for the release of Dr. Goydos' unemployment records, and served Dr. Goydos with an authorization for the release of medical records from an additional provider, Dr. Julia Grimes, identified during a review of other relevant medical records obtained pursuant to the previously executed authorizations.

Rutgers did not receive a response to its January 23 or 30, 2025 letters and, therefore, followed up on the outstanding authorizations, information, and documents again on February 24, 2025 (see February 24, 2025 correspondence, attached hereto as Exhibit D) and March 19, 2025 (see March 19, 2025 correspondence, attached hereto as Exhibit E). Plaintiffs have yet to produce the outstanding documents, information, or authorizations, nor have they responded in any way to Rutgers' correspondences. Accordingly, Rutgers respectfully requests the Court Order Plaintiffs provide the outstanding relevant and responsive documents, information, and authorizations.

II.     **Plaintiff's Contention Rutgers' Discovery Responses Are Deficient.**

During the status conference on March 24, 2025, Plaintiffs' counsel indicated, for the first time since December 2024, that it believes Rutgers' discovery responses are deficient. Rutgers maintains that it has properly objected to and/or responded to all discovery requests from Plaintiff and, therefore, no such deficiencies exist.

Plaintiff previously alleged Rutgers' discovery responses were deficient, and Rutgers fully and completely responded to all alleged deficiencies. Specifically, on November 8, 2024, Plaintiffs filed a joint letter setting forth the parties' positions as to the discovery deficiencies alleged by Plaintiffs. (See Dkt. No. 151, filed 11/8/2024). The Court held a telephonic status conference on December 5, 2024, after which it entered a text Order requiring Plaintiffs to identify

**JacksonLewis**

the specific interrogatory and/or document request at issue, the relevant response, and a brief explanation about why Plaintiffs deem the responses to be deficient. (See Dkt. No. 155, filed 12/5/2024).

Instead of complying with the Court's Order and providing an explanation as to why Rutgers' responses to the alleged deficiencies were not sufficient, Plaintiffs simply filed a cover letter attaching Rutgers' responses to Plaintiffs' first set of interrogatories, Rutgers' responses to Plaintiffs' first request for production of documents, Plaintiffs' deficiency letter, and Rutgers' response to Plaintiffs' deficiency letter. (See Dkt. No. 156, filed 12/6/2024). Rutgers filed a response on December 13, 2024, identifying each specific discovery request Plaintiff alleged was deficient and providing an explanation as to why Rutgers' response was sufficient. (See Dkt. No. 157, filed 12/13/2024). Plaintiff did not respond to this letter, nor did Plaintiff make any effort to follow up on the alleged deficiencies prior to the March 24, 2025 status conference.

Rutgers has fully and completely responded to all discovery requests propounded by Plaintiffs, including responding to each alleged deficiency set forth by Plaintiffs. Contrarily, Plaintiffs have failed to provide any proffer as to why Rutgers' discovery responses are deficient. As such, Rutgers respectfully requests Your Honor deny Plaintiffs' request for Rutgers to provide amended discovery responses and/or additional documents.

**III.   Plaintiff's Intention To Conduct Additional Depositions.**

During the March 24, 2025 status conference, Plaintiffs' counsel stated, for the first time, Plaintiffs intend to depose three (3) additional witnesses in this matter – specifically, Anthony Merlino (formerly of Epiq), Michael Baldassare (an attorney with Baldassare & Mara, LLC who represented Saiber, LLC in various proceedings during Dr. Goydos' criminal proceedings), and a corporate representative of Rutgers Cancer Institute of New Jersey ("RCINJ"). Rutgers notes that Plaintiffs have yet to serve subpoenas or a deposition notice pursuant to Fed. R. Civ. P. 30(b)(6) and, therefore, have yet to properly notice these depositions. However, to the extent Plaintiffs do notice these (and any other) depositions, Rutgers reserves all rights and objections to which it may be entitled, including moving to quash any subpoena to depose a third-party witness, seeking leave to file a protective Order as to any deposition Plaintiffs seek, and to object to the topics identified in any deposition notice served pursuant to Fed. R. Civ. P. 30(b)(6) on any and all grounds. Further, Rutgers objects to Plaintiffs' attempt to identify Kevin Coyle, whom Plaintiffs stated is RCINJ's Chief Financial Officer ("CFO") as an appropriate corporate representative. As an initial matter, Mr. Coyle is retired and, therefore, Plaintiffs' contention Mr. Coyle is the current CFO of RCINJ is incorrect. Further, pursuant to Fed. R. Civ. P. 30(b)(6), Rutgers is able to designate an appropriate representative or representatives of their choosing to appear for a corporate representative deposition, and Plaintiffs' attempt to designate such an individual is improper. See Fed. R. Civ. P. 30(b)(6) ("The **named organization** must designate one or more officers, directors, or managing agents, or designate other persons who consent to

## JacksonLewis

testify on its behalf; and it may set out the matters on which each person designated will testify.") (emphasis added).

It is also unclear whether Plaintiffs plan to depose Mr. Coyle as a corporate representative pursuant to Fed. R. Civ. P. 30(b)(6) or as a fact witness. To the extent Plaintiffs intend on deposing Mr. Coyle as a fact witness, Rutgers reserves all rights and objections to which it is entitled, including the right to request leave to file a protective Order and/or motion to quash any notice or subpoena for such deposition. Mr. Coyle does not have any unique personal knowledge relevant to the claims or defenses remaining in this action and, therefore, any attempt to depose him would be nothing more than a bad faith attempt to harass Rutgers. See Koken v. Lexington Ins. Co., 2005 U.S. Dist. LEXIS 46195, at *1-2 (E.D. Pa. July 18, 2005) ("If the deponent is a high-ranking executive without unique personal knowledge of matters at issue, the court will grant a protective order to prevent such an important individual from being subjected to discovery abuse"); see also Engage Healthcare Communs., LLC v. Intellisphere, LLC, 2017 U.S. Dist. LEXIS 214569, at *17-18 (D.N.J. Nov. 1, 2017) ("Under what has been referred to as the 'apex doctrine,' Courts have the ability to prohibit the deposition of a high-level executive where the executive has no firsthand personal knowledge of the events in dispute.") (citing Younes v. 7-Eleven, Inc., 2015 U.S. Dist. LEXIS 191811, at *10-14 (D.N.J. Aug. 19, 2015) (denying motion to depose 7-Eleven's President and CEO and its former Executive VP and COO who has no personal and unique knowledge that could not be obtained from other witnesses)); Ciarrocchi v. Unum Group, 2009 U.S. Dist. LEXIS 138532, at *7-8 (D.N.J. Aug. 27, 2009) (denying motions for depositions of two current high-level executives who had no unique knowledge regarding plaintiff's claim and which could be obtained from lower level employees who plaintiff declined to depose)).

We thank Your Honor for your attention to this matter.

Respectfully submitted,

JACKSON LEWIS P.C.

John K. Bennett

Enclosures
Cc: Shaun I. Blick, Esq. (Via ECF)
    Kara A. Findel, Esq. (Via ECF)