# EXHIBIT A

| | |
|---|---|
| **From:** | Hubbs, Cody C. (Berkeley Heights) |
| **Sent:** | Tuesday, January 7, 2025 8:12 AM |
| **To:** | Kara A. Findel; Bennett, John K. (Berkeley Heights); Cino, Robert J. (Berkeley Heights) |
| **Cc:** | Shaun I. Blick |
| **Subject:** | RE: Goydos v Rutgers |

Kara:

We consent to a one-week extension to provide the outstanding documents. However, we have yet to receive an executed copy of the consent Order for the release of Dr. Goydos' unemployment records. Please provide that as soon as possible.

Best,
Cody

**From:** Kara A. Findel <kfindel@blicklaw.com>
**Sent:** Monday, January 6, 2025 10:47 PM
**To:** Bennett, John K. (Berkeley Heights) <John.Bennett@jacksonlewis.com>; Cino, Robert J. (Berkeley Heights) <Robert.Cino@jacksonlewis.com>; Hubbs, Cody C. (Berkeley Heights) <Cody.Hubbs@jacksonlewis.com>
**Cc:** Shaun I. Blick <sblick@blicklaw.com>
**Subject:** Goydos v Rutgers



Good Evening,

My clients have been working diligently to gather all the documents requested. However, Dr. Martins has been on call during the holidays. Would you consent to a short one-week extension?

Regards,

Kara A. Findel
Associate Attorney
Blick Law LLC
220 Davidson Avenue, Suite 408
Somerset, New Jersey 08873
848.300.0853 - D
848.222.3500 - O
848.222.3550 - F
▪▪▪▪▪▪▪▪ - M
kfindel@blicklaw.com
http://www.blicklaw.com

-=*WARNING*=- Never initiate a wire or electronically transmit funds without first confirming by telephone the legitimacy of the request and the instructions. Due to instances of electronic

1

communication interception, fraud, scams, impersonation attempts, and other unlawful conduct trends, it is Blick Law LLC's policy that you confirm all wire or electronic fund transmittal requests by telephone and that you confirm that the originating e-mail address matches the e-mail address of a sender known to you. To confirm a wire request from us or one of our service providers, please contact the assigned attorney at 848.222.3500 before initiating the transfer. Blick Law LLC cannot be held responsible for any damages resulting from electronic communication interception, fraud, scams, impersonation attempts, and other unlawful conduct.

The content of this email may be privileged and/or confidential, and has been sent for the sole use of the intended recipient(s). Any unauthorized review, use, disclosure, dissemination, or copying of this communication, or any of its content is strictly prohibited. If you have received this communication in error, please notify the sender by reply and delete this email immediately. Thank you for your cooperation.

This Email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you are not the intended recipient, you are notified that disclosing, copying, distributing or taking any action with respect to the contents of this information is strictly prohibited. If you have received this mail in error, please notify the sender.

# EXHIBIT B

# JacksonLewis

Jackson Lewis P.C.
200 Connell Drive, Suite 2000
Berkeley Heights NJ 07922
(908) 795-5200 Direct
(908) 464-2614 Fax
jacksonlewis.com
Jason C. Gavejian – Managing Principal

JOHN K. BENNETT
Direct Dial: 908-795-5129
Email Address: john.bennett@jacksonlewis.com

ROBERT J. CINO
Direct Dial: 908-795-5132
Email Address: robert.cino@jacksonlewis.com

January 23, 2025

**VIA ELECTRONIC MAIL**
Shaun I. Blick, Esq.
Blick Law LLC
220 Davidson Avenue, Suite 300
Somerset, New Jersey 08873

Re:   Goydos, *et al.* v. Rutgers University, *et al.*
      Civil Action No.: 3:19-cv-08966-RAK-JTQ

Dear Mr. Blick:

As you are aware, our office represents the Defendant, Rutgers, The State University of New Jersey, in the above referenced matter. Plaintiff Goydos previously provided us with a signed authorization to obtain psychotherapy notes from Dr. Kenneth Freundlich. Please note that we were just informed by Dr. Freundlich that he did not provide psychotherapy treatment to Mr. Goydos. Instead, he states that he conducted an evaluation of Dr. Goydos and is requesting that we provide an updated authorization in order to obtain records regarding such evaluation. Accordingly, please find enclosed an updated authorization. Please have Mr. Goydos sign the authorization and return it to us at your earliest convenience.

If you have any questions, please do not hesitate to contact us. Thank you.

Very truly yours,

JACKSON LEWIS P.C.

John K. Bennett
Robert J. Cino

JKB/RJC/pc
Enclosure

# EXHIBIT C

# JacksonLewis

Jackson Lewis P.C.
200 Connell Drive, Suite 2000
Berkeley Heights NJ  07922
(908) 795-5200 Direct
(908) 464-2614 Fax
jacksonlewis.com
Jason C. Gavejian – Managing Principal

JOHN K. BENNETT
Direct Dial:  908-795-5129
Email Address:  john.bennett@jacksonlewis.com

January 30, 2025

**VIA ELECTRONIC MAIL**
Shaun I. Blick, Esq.
Blick Law LLC
220 Davidson Avenue, Suite 300
Somerset, New Jersey 08873

Re:   Goydos, *et al.* v. Rutgers University, *et al.*
      Civil Action No.: 3:19-cv-08966-RAK-JTQ

Dear Mr. Blick:

We write on behalf of Defendant, Rutgers, The State University of New Jersey, in follow up to Plaintiff's supplemental productions served on December 20, 2024 and January 14, 2025 in response to Rutgers' requests for production of relevant documents identified during the depositions of Plaintiffs. We have reviewed these productions, and note below various deficiencies with respect to such.

**Attorneys' Eyes Only Designations:** As an initial matter, Rutgers objects to Plaintiff classifying the documents bearing bates numbers GOYDOS001444 through GOYDOS001756, which consist of financial documents relating to the tax returns of Plaintiffs, as "HIGHLY CONFIDENTIAL FOR ATTORNEYS' EYES ONLY". Pursuant to the Discovery Confidentiality Order in this matter (ECF No. 147, filed 07/02/2024), only documents that contain highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party, should be marked as Attorneys' Eyes Only. As these documents do not meet this heightened standard, Rutgers requests Plaintiffs agree to change the designation of these documents to Confidential, which is sufficient to protect the privacy interests of Plaintiffs. Please advise whether Plaintiffs will agree to change this designation.

**GOYDOS001784 through GOYDOS001790**: This document is Dr. Martins' curriculum vitae, which is dated June 6, 2018. Please confirm whether Dr. Martins has updated her curriculum vitae since June 6, 2018 and, if so, please provide the most updated version of her curriculum vitae.

**GOYDOS1889 through GOYDOS001900:** As an initial matter, these documents (which appear to be invoices sent from "BROEHLS LAWN MAINTENAN[CE]") contain redactions as to the dates these services were performed. Please provide an updated document which shows the dates of the relevant services. Further, these documents contain varying page identifications (i.e., Page 18 of 24, Page 24 of 30, Page 19 of 28, Page 20 of 26, Page 18 of 25, Page 15 of 23, Page 17 of 27, etc.), which appear to show that there are additional relevant

**JacksonLewis**

documents relating to these services that have not been produced by Plaintiffs. Please provide the complete, unredacted versions of these documents.

**Various documents relating to estimates for services performed on Plaintiffs' home**: Plaintiffs have produced various documents purporting to show estimates for various services to be performed on Plaintiffs' home. (See GOYDOS001763 through GOYDOS001766, GOYDOS001792 through GOYDOS001796, GOYDOS001801 through GOYDOS001807). However, these documents fail to identify whether these services were performed and, if so, the date of completion of the service or the cost of such service. Accordingly, please provide documents showing this information, or affirmatively confirm these services were not performed.

**Outstanding Documents identified during Plaintiffs' depositions:** These supplemental document productions fail to address various categories of relevant documents identified and requested during the deposition of Dr. Goydos and Dr. Martins, as well as in Rutgers' November 6, 2024, November 18, 2024, and December 12, 2024 correspondences. Specifically, Plaintiffs have failed to produce documents pertaining to, or to respond in any way to, the following requests:

1. Copies of all e-mails in Dr. Goydos' Google e-mail account regarding applications, inquiries and any other communications with potential employers from 2018 to the present (Goydos Dep. Tr., 22-24);
2. Any and all documents to which Dr. Goydos referred as his "search history." (Goydos Dep. Tr., 26);
3. Any and all documents regarding Dr. Goydos' efforts to regain his medical license, and/or "re-licensing" with the New Jersey Board of Medical Examiners (Goydos Dep. Tr., 27-29, 207, 228);
4. Copies of all articles authored by Dr. Goydos that appear on the website referred to as Medium (Goydos Dep. Tr., 30-31);
5. Copies of all e-mails between Dr. Goydos and his Union representatives relating to the investigation in 2014 of his accessing the RCINJ Director's Suite (Goydos Dep. Tr., 43);
6. All documents regarding Dr. Goydos' interest in and consideration of a position with Yale University from 2017 to the present, including any applications, CVs, and other communications (Goydos Dep. Tr., 60-66);
7. Copies of any and all records of Dr. Goydos' purchases of cameras from Amazon, including but not limited to drones, "off-market cameras," and all of the "many cameras" Dr. Goydos purchased from 2010 to the present (Goydos Dep. Tr., 74-75, 118-119);
8. Copies of all of Dr. Goydos' "orders history" with Amazon from 2010 to the present (Goydos Dep. Tr., 75, 118-119, 215-216);
9. Copies of any and all receipts, Amazon orders history, and all other source documents to which Dr. Goydos referred or that he utilized in preparing his description of alleged personal property and the costs and/or values of such property (Goydos Dep. Tr., 215-216);

# JacksonLewis

Shaun I. Blick, Esq.
Blick Law LLC
January 30, 2025
Page 3

10. Copies of all e-mails and other communications through LinkedIn or other social media regarding any efforts to obtain other employment from 2018 to the present (Goydos Dep. Tr., 229-231);
11. Any offer letters, employment agreements, and documents relating to the start and/or end to any employment held by Dr. Martins from 2017 to the present (Martins Dep. Tr., 26-32, 38, 104);
12. Any and all documents relating to benefits in which Plaintiffs have been enrolled since 2017 (Martins Dep. Tr., 29, 98-102); and
13. Copies of any and all text messages, e-mails, and/or other written communications between Plaintiff Dr. Martins and Plaintiff Dr. Goydos from 2017 to the present regarding: Plaintiff Dr. Goydos' employment with Rutgers, Plaintiff Dr. Goydos' use of cameras, Plaintiffs' marital relationship, and any other allegations or claims raised by Plaintiffs in this action (Martins Dep. Tr., 54-57, 131-132).

Please provide these document by February 6, 2025.

In addition, we have given you, on multiple occasions, a Consent Order for the release of State of New Jersey unemployment benefits records relating to Plaintiff Dr. Goydos, but have yet to receive an executed copy of such. We have enclosed another copy of this Consent Order for your ease. Please review, execute, and return to us by no later than February 6, 2025.

Further, our review of the relevant medical records of Dr. Goydos in this action has identified an additional relevant provider, Dr. Julia Grimes, for which Dr. Goydos has not provided an executed authorization. We have enclosed an authorization for this provider here for your ease. Please have Dr. Goydos execute the authorization and return to us along with the signed Consent Order, no later than February 6, 2025.

If you have any need to discuss any of these discovery matters, please contact us.

Very truly yours,

JACKSON LEWIS P.C.

John K. Bennett

JKB
cc: Kara A. Findel, Esq. (via email w/ encls.)

# EXHIBIT D

# JacksonLewis

Jackson Lewis P.C.
200 Connell Drive, Suite 2000
Berkeley Heights NJ 07922
(908) 795-5200 Direct
(908) 464-2614 Fax
jacksonlewis.com
Jason C. Gavejian – Managing Principal

JOHN K. BENNETT
Direct Dial: 908-795-5129
Email Address: john.bennett@jacksonlewis.com

ROBERT J. CINO
Direct Dial: 908-795-5132
Email Address: robert.cino@jacksonlewis.com

February 24, 2025

**VIA ELECTRONIC MAIL**
Shaun I. Blick, Esq.
Blick Law LLC
220 Davidson Avenue, Suite 300
Somerset, New Jersey 08873

Re:   Goydos, *et al.* v. Rutgers University, *et al.*
      Civil Action No.: 3:19-cv-08966-RAK-JTQ

Dear Mr. Blick:

We write on behalf of Defendant, Rutgers, the State University of New Jersey, in further follow up to our January 30, 2025 correspondence regarding deficiencies in Plaintiff's responses to Rutgers' requests for documents identified in Plaintiffs' depositions and Plaintiffs' supplemental productions served on December 20, 2024, and January 14, 2025.

Specifically, we write to confirm that, pursuant to the Discovery Confidentiality Order entered in this matter (ECF NO. 147, filed 07/02/2024), as no timely response to our objection to the documents bearing bates mark numbers GOYDOS00144 through GOYDOS001756, such documents are now deemed to be designated Confidential.

Please confirm whether Dr. Martins has updated her curriculum vitae since June 6, 2018, as indicated in the documents bearing bates mark numbers GOYDOS001784 through GOYDOS001790. Please also produce the unredacted versions of the documents bearing bates mark numbers GOYDOS001889 through GOYDOS001900. Plaintiffs have also failed to respond to our request for additional documents indicating whether the services that appear in the estimates produced as GOYDOS 001763 through GOYDOS001766, GOYDOS001792 through GOYDOS001796, and GOYDOS001801 through GOYDOS001807, were actually performed.

In addition, we have followed up on various occasions regarding the outstanding documents identified during Plaintiffs' depositions but not yet produced by Plaintiffs. Specifically, Plaintiffs have failed to produce documents pertaining to, or to respond in any way, to the following requests:

**JacksonLewis**

1. Copies of all e-mails in Dr. Goydos' Google e-mail account regarding applications, inquiries and any other communications with potential employers from 2018 to the present (Goydos Dep. Tr., 22-24);

2. Any and all documents to which Dr. Goydos referred as his "search history." (Goydos Dep. Tr., 26);

3. Any and all documents regarding Dr. Goydos' efforts to regain his medical license, and/or "re-licensing" with the New Jersey Board of Medical Examiners (Goydos Dep. Tr., 27-29, 207, 228);

4. Copies of all articles authored by Dr. Goydos that appear on the website referred to as Medium (Goydos Dep. Tr., 30-31);

5. Copies of all e-mails between Dr. Goydos and his Union representatives relating to the investigation in 2014 of his accessing the RCINJ Director's Suite (Goydos Dep. Tr., 43);

6. All documents regarding Dr. Goydos' interest in and consideration of a position with Yale University from 2017 to the present, including any applications, CVs, and other communications (Goydos Dep. Tr., 60-66);

7. Copies of any and all records of Dr. Goydos' purchases of cameras from Amazon, including but not limited to drones, "off-market cameras," and all of the "many cameras" Dr. Goydos purchased from 2010 to the present (Goydos Dep. Tr., 74-75, 118-119);

8. Copies of all of Dr. Goydos' "orders history" with Amazon from 2010 to the present (Goydos Dep. Tr., 75, 118-119, 215-216);

9. Copies of any and all receipts, Amazon orders history, and all other source documents to which Dr. Goydos referred or that he utilized in preparing his description of alleged personal property and the costs and/or values of such property (Goydos Dep. Tr., 215-216);

10. Copies of all e-mails and other communications through LinkedIn or other social media regarding any efforts to obtain other employment from 2018 to the present (Goydos Dep. Tr., 229-231);

11. Any offer letters, employment agreements, and documents relating to the start and/or end to any employment held by Dr. Martins from 2017 to the present (Martins Dep. Tr., 26-32, 38, 104);

**JacksonLewis**

Shaun I. Blick, Esq.
Blick Law LLC
February 24, 2025
Page 3

12. Any and all documents relating to benefits in which Plaintiffs have been enrolled since 2017 (Martins Dep. Tr., 29, 98-102); and

13. Copies of any and all text messages, e-mails, and/or other written communications between Plaintiff Dr. Martins and Plaintiff Dr. Goydos from 2017 to the present regarding: Plaintiff Dr. Goydos' employment with Rutgers; Plaintiff Dr. Goydos' use of cameras; Plaintiffs' marital relationship; and any other allegations or claims raised by Plaintiffs in this action (Martins Dep. Tr., 54-57, 131-132).

Further, on January 23, 2025, we sent you a letter attaching a medical records authorization for Dr. Kenneth Freundlich for Plaintiff Dr. Goydos' signature. In addition, on January 30, 2025, we sent you a letter attaching a medical authorization for Julia Grimes, DO, for Plaintiff Dr. Goydos' signature, and enclosing a copy of a Consent Order to obtain Plaintiff's NJDOL unemployment records. To date, we have not received these signed authorizations or the signed Consent Order.

We are once again providing you with a copy of the outstanding authorizations and the Consent Order for signature and return to us. Please provide the authorizations, the Consent Order, and the above-referenced additional discovery. This discovery should have been produced by Plaintiffs in their original discovery responses dated June 24, 2024. Plaintiffs' failure to provide this discovery by March 3, 2025, will leave us with no choice but to seek judicial intervention.

Please be guided accordingly.

Very truly yours,

JACKSON LEWIS P.C.

John K. Bennett
Robert J. Cino

JKB/RJC/pc
Enclosures

cc: Kara A. Findel, Esq. (via email)

# EXHIBIT E

# JacksonLewis

**Jackson Lewis P.C.**
200 Connell Drive, Suite 2000
Berkeley Heights NJ  07922
(908) 795-5200 Direct
(908) 464-2614 Fax
jacksonlewis.com
Jason C. Gavejian – Managing Principal

JOHN K. BENNETT
Direct Dial:  908-795-5129
Email Address:  john.bennett@jacksonlewis.com

ROBERT J. CINO
Direct Dial:  908-795-5132
Email Address:  robert.cino@jacksonlewis.com

March 19, 2025

**VIA ELECTRONIC MAIL**
Shaun I. Blick, Esq.
Blick Law LLC
220 Davidson Avenue, Suite 300
Somerset, New Jersey 08873

         Re: Goydos, *et al.* v. Rutgers University, *et al.*
            Civil Action No.: 3:19-cv-08966-RAK-JTQ

Dear Mr. Blick:

  We write on behalf of Defendant, Rutgers, the State University of New Jersey, in further follow up to our January 30, 2025 and February 24, 2025 correspondences regarding deficiencies in Plaintiff's responses to Rutgers' requests for documents identified in Plaintiffs' depositions and Plaintiffs' supplemental productions served on December 20, 2024, and January 14, 2025.

  Specifically, please confirm whether Dr. Martins has updated her curriculum vitae since June 6, 2018, as indicated in the documents bearing bates mark numbers GOYDOS001784 through GOYDOS001790. Please also produce the unredacted versions of the documents bearing bates mark numbers GOYDOS001889 through GOYDOS001900. Plaintiffs have also failed to respond to our request for additional documents indicating whether the services that appear in the estimates produced as GOYDOS 001763 through GOYDOS001766, GOYDOS001792 through GOYDOS001796, and GOYDOS001801 through GOYDOS001807, were actually performed.

  In addition, we have followed up on various occasions regarding the outstanding documents identified during Plaintiffs' depositions but not yet produced by Plaintiffs. Specifically, Plaintiffs have failed to produce documents pertaining to, or to respond in any way, to the following requests:

1. Copies of all e-mails in Dr. Goydos' Google e-mail account regarding applications, inquiries and any other communications with potential employers from 2018 to the present (Goydos Dep. Tr., 22-24);

**JacksonLewis**

Shaun I. Blick, Esq.
Blick Law LLC
March 19, 2025
Page 2

2. Any and all documents to which Dr. Goydos referred as his "search history." (Goydos Dep. Tr., 26);

3. Any and all documents regarding Dr. Goydos' efforts to regain his medical license, and/or "re-licensing" with the New Jersey Board of Medical Examiners (Goydos Dep. Tr., 27-29, 207, 228);

4. Copies of all articles authored by Dr. Goydos that appear on the website referred to as Medium (Goydos Dep. Tr., 30-31);

5. Copies of all e-mails between Dr. Goydos and his Union representatives relating to the investigation in 2014 of his accessing the RCINJ Director's Suite (Goydos Dep. Tr., 43);

6. All documents regarding Dr. Goydos' interest in and consideration of a position with Yale University from 2017 to the present, including any applications, CVs, and other communications (Goydos Dep. Tr., 60-66);

7. Copies of any and all records of Dr. Goydos' purchases of cameras from Amazon, including but not limited to, drones, "off-market cameras," and all of the "many cameras" Dr. Goydos purchased from 2010 to the present (Goydos Dep. Tr., 74-75, 118-119);

8. Copies of all of Dr. Goydos' "orders history" with Amazon from 2010 to the present (Goydos Dep. Tr., 75, 118-119, 215-216);

9. Copies of any and all receipts, Amazon orders history, and all other source documents to which Dr. Goydos referred or that he utilized in preparing his description of alleged personal property and the costs and/or values of such property (Goydos Dep. Tr., 215-216);

10. Copies of all e-mails and other communications through LinkedIn or other social media regarding any efforts to obtain other employment from 2018 to the present (Goydos Dep. Tr., 229-231);

11. Any offer letters, employment agreements, and documents relating to the start and/or end to any employment held by Dr. Martins from 2017 to the present (Martins Dep. Tr., 26-32, 38, 104);

12. Any and all documents relating to benefits in which Plaintiffs have been enrolled since 2017 (Martins Dep. Tr., 29, 98-102); and

**JacksonLewis**

Shaun I. Blick, Esq.
Blick Law LLC
March 19, 2025
Page 3

13. Copies of any and all text messages, e-mails, and/or other written communications between Plaintiff Dr. Martins and Plaintiff Dr. Goydos from 2017 to the present regarding: Plaintiff Dr. Goydos' employment with Rutgers; Plaintiff Dr. Goydos' use of cameras; Plaintiffs' marital relationship; and any other allegations or claims raised by Plaintiffs in this action (Martins Dep. Tr., 54-57, 131-132).

Further, on January 23, 2025, we sent you a letter attaching a medical records authorization for Dr. Kenneth Freundlich for Plaintiff Dr. Goydos' signature. In addition, on January 30, 2025, we sent you a letter attaching a medical authorization for Julia Grimes, DO, for Plaintiff Dr. Goydos' signature. To date, we have not received either of these signed authorizations.

We are once again providing you with a copy of the outstanding authorizations. Please have Dr. Goydos execute the authorizations and return to us. This discovery should have been produced by Plaintiffs in their original discovery responses dated June 24, 2024. Further, Plaintiffs indicated to the Court in their December 20, 2024 letter (Dkt. No. 159, filed 12/20/2024) they would produce all additional outstanding responsive materials within fourteen (14) days of that letter. Plaintiffs' failure to provide this discovery by March 24, 2025, will leave us with no choice but to seek judicial intervention, including addressing this issue during the telephonic status conference with Magistrate Judge Quinn scheduled for March 24, 2025.

Please be guided accordingly.

Very truly yours,

JACKSON LEWIS P.C.

*/s Robert J. Cino*
John K. Bennett
Robert J. Cino

JKB/RJC/pc
Enclosures
cc:   Kara A. Findel, Esq. (via email)