**JacksonLewis**

Jackson Lewis P.C.
200 Connell Drive, Suite 2000
Berkeley Heights NJ  07922
(908) 795-5200  Direct
(908) 464-2614  Fax
jacksonlewis.com
Jason C. Gavejian – Managing Principal

JOHN K. BENNETT
Email Address:  John.Bennett@jacksonlewis.com

August 29, 2025

**VIA ECF**
Honorable Justin T. Quinn, U.S.M.J.
United States District Court, District of New Jersey
402 East State Street
Trenton, New Jersey 08608

> Re: Goydos, et al. vs. Rutgers, The State University of New Jersey
> Civil Action No. 3:19-cv-08966-RAK-JTQ

Dear Judge Quinn:

This Firm represents Defendant, Rutgers, The State University of New Jersey ("Rutgers"), in this action. With the consent of Plaintiffs' counsel, Shaun I. Blick, Esq., and Kara A. Findel, Esq., we respectfully submit this joint status letter pursuant to Your Honor's August 1, 2025 text Order (ECF No. 178, filed 8/1/2025).

On July 14, 2025, counsel participated in a meet-and-confer regarding Plaintiffs' Interrogatory Nos. 19 and 20 and Plaintiffs' Document Request Nos. 5 and 16, but the issues were unable to be resolved. On July 24, 2025, Plaintiffs provided correspondence setting forth their arguments with respect to the outstanding discovery issues. Rutgers provided a response to Plaintiff's letter on August 25, 2025. Plaintiffs have not responded to this letter, nor have they withdrawn their request for amended responses to these requests. Accordingly, all four (4) of these disputes remain outstanding.

In an effort to assist the Court in its review of these issues, the parties have provided their positions with respect to each outstanding issue below.

**Plaintiff's Discovery Requests**

**Interrogatory No. 19**

*Plaintiffs' Proffer of Relevance:* Interrogatory No. 19 request Rutgers to identify and provide copies of all communications, both hardcopy and electronic documents, between Rutgers' and Rutgers' agents, and employees, and DTI/EPIQ, Steven Libutti, and/or any individuals, whether employed or assigned, at the N.J. Attorney General, N.J. Division of Law, N.J. Division of Consumer Affairs and N.J. Board of Medical Examiners relating to the N.J. Board of Medical Examiners investigation involving Dr. Goydos that began on or around September/October 2017. This includes,

**JacksonLewis**

Hon. Justin T. Quinn, U.S.M.J.
August 29, 2025
Page 2

but is not restricted to, all letters, texts, emails, phone calls or video calls between and among any of these parties.

The relevance of this request is to determine whether or not Rutgers acted under color of state law and unlawfully seized Dr. Goydos' computers and devices. Plaintiffs need complete correspondence showing coordination with outside investigative entities such as DTI/EPIQ and state actors, critical to establishing that Rutgers' violated Plaintiff Goydos' Fourth Amendment rights. Moreover, the communications requested may reveal Rutgers' knowledge of prosecutorial overreach or self-incriminating pressures, supporting Dr. Goydos' allegation that Rutgers tried to coerce him into waiving his Fifth Amendment constitutional protections.

*Rutgers' Response*: Rutgers maintains its previous objections to this interrogatory, and maintains that it has sufficiently responded thereto. Plaintiffs' proffered statement of relevance relies entirely on hypothetical communications which may or may not exist. This type of fishing expedition is entirely improper. Further, Plaintiffs continue to fail to recognize the fact that Rutgers provided relevant documents regarding the communications identified in this interrogatory in response to their Document Request No. 4, which Rutgers also fully and properly responded to. Plaintiffs have received documents in response to various third-party subpoenas served in this matter, including from the Middlesex County Prosecutor's Office ("MCPO") and the New Jersey Computer Forensics Lab, which include documents and information responsive to this interrogatory. Rutgers has offered, on multiple occasions, to meet and confer regarding the scope of this request, but Plaintiff has failed to take advantage of such offers or provide a detailed explanation of what documents they believe are responsive to this interrogatory but have not already been produced in discovery. As such, Plaintiffs' continued pursuit of additional documents and information in response to this interrogatory is improper and without basis.

**Interrogatory No. 20**

*Plaintiffs' Proffer of Relevance*: Interrogatory No. 20 requests that Rutgers set forth the facts and circumstances that motivated Rutgers officials to launch an investigation of Goydos in September/October of 2017 and state whether such evidence implies the commission of any illegal activities, attaching copies of all such evidence.

The relevance of this request is to determine whether Rutgers had a basis to conduct the search and seizure of Dr. Goydos' computers and devices or whether the basis for conducting the search was an improper and retaliatory measure.

*Rutgers' Response*: Rutgers maintains its previous objections to this interrogatory. As an initial matter, the second half of this interrogatory asks Rutgers to state whether the facts and circumstances that motivated Rutgers officials to launch an investigation into Plaintiff Goydos in September and/or October 2017 implicates the commission of any illegal activities. This improperly requests Rutgers to state a legal conclusion. It also presumes that Rutgers, as a public

**JacksonLewis**

entity and employer, is limited to investigating "illegal activities" of its employees. There are many kinds of conduct that are subject to investigation by an employer, even if not *per se* "illegal". Further, this entire request is premised on an incorrect assumption of facts. Rutgers did not launch an investigation into Plaintiff Goydos (or any individual) in September and/or October 2017. Rather, Rutgers retained outside counsel to conduct an internal workplace investigation on behalf of Rutgers into who was responsible for the placement of the camera in the second-floor women's restroom in RCINJ. (See Rutgers' Response to Interrogatory No. 1, Rutgers' amended response to Interrogatory No. 14).

Rutgers has sufficiently provided information regarding the facts and circumstances that led to outside counsel's internal workplace investigation in response to Interrogatory No. 1, which has been incorporated by reference in response to this interrogatory. Accordingly, Rutgers has sufficiently responded to this interrogatory. Plaintiffs' continued pursuit of an amended response thereto is without basis.

**Document Request No. 5**

*Plaintiffs' Proffer of Relevance*: Document Demand No. 5 requests Rutgers to produce any and all documents, materials, and/or communications that Rutgers and/or CINJ submitted regarding Dr. Goydos to the National Practitioners Data Bank and/or any other government or non-government agency that oversees the performance and/or licensure of physicians.

The relevance of this request goes to the heart of Plaintiffs' damages. Materials submitted to the National Practitioners Data Bank or any other agency that oversees the performance and/or licensure of physicians triggered Plaintiff's license suspension and/or revocation.

*Rutgers' Response*: Rutgers maintains its previous objections to this document request. In support of Plaintiffs' request for production of any and all documents, materials, and/or communications that Rutgers and/or CINJ submitted to the National Practitioners Data Bank and/or any other government or non-government agency that oversees the performance and/or licensure of physicians relating to Plaintiff Goydos, Plaintiffs contend, without support, such documents are relevant because they relate to events that triggered the suspension and/or revocation of Plaintiff Goydos' medical license. This is incorrect. It was Plaintiff Goydos' decision to plead guilty to serious criminal conduct in the RCINJ workplace and the resulting sentencing that led to the suspension and/or revocation of Plaintiff Goydos' medical license. Specifically, in September 2020, Plaintiff Goydos entered into a consent Order with the Board of Medical Examiners in which he agreed to voluntarily cease the practice of medicine in the State of New Jersey.

Plaintiffs have failed to explain how the requested documents would pertain to their claims that remain after Rule 12(b)(6) motion practice. Plaintiff Goydos' Fourth Amendment claim relates to allegations that there was not a reasonable basis for imaging Plaintiff Goydos' Rutgers-issued computer on October 2, 2017. Plaintiff Goydos' Fifth Amendment claim relates to whether

**JacksonLewis**

Rutgers' outside counsel's request to interview Plaintiff Goydos in their internal workplace investigation, which he refused, somehow deprived him of his right against self-incrimination. Plaintiff Goydos' common-law conversion claim relates to Rutgers' alleged failure to return certain property to him after his resignation. None of these remaining claims relate to Dr. Goydos' voluntary relinquishment of his medical license. Therefore, any documents or communications between Rutgers and any third parties relating to Dr. Goydos' medical licensing process or procedures are irrelevant and outside the scope of permissible discovery pursuant to Rule 26.

The requested documents also do not relate to Plaintiff Martins' *per quod* claim. As explained, *supra*, any alleged damages suffered by Plaintiffs as a result of Plaintiff Goydos losing his medical license are a result of Plaintiff Goydos' decision to plead guilty to various criminal charges and the subsequent voluntary agreement to cease practicing medicine. Rutgers had no involvement in the process by which Dr. Goydos voluntarily relinquished his medical license. Therefore, any communications between Rutgers and any third parties relating to Plaintiff Goydos' agreement to cease practicing medicine are outside the scope of permissible discovery pursuant to Rule 26.

**Document Request No. 16**

*Plaintiffs' Proffer of Relevance*: Lastly, Document Demand No. 16 requests Rutgers to produce all documents, including electronic communications, pertaining to the investigation conducted by Rutgers referenced by Det. Walter P. Kelley on pages 11 and 12 of his affidavit dated March 29, 2018.

The relevance of this request is that Detective Kelley applied for and ultimately received a search warrant for Dr. Goydos' office and home. For example, the information that Detective Kelley references and relies upon in his affidavit states that "according to documents provided by Rutgers pursuant to subpoena, this forensic image revealed multiple visits to "MiddlesexTips.com." Plaintiffs should be allowed to compare the documentation that Rutgers provided to Middlesex County Prosecutor's Office (MCPO) and against the documents subpoenaed from MCPO.

*Rutgers' Response*: Plaintiffs' correspondence of July 24, 2025, fails to establish how Rutgers' response to this document request is deficient. Plaintiffs contend that because Detective Kelley's March 29, 2018 affidavit stated that a forensic image revealed multiple visits to "MiddlesexTips.com" on Plaintiff Goydos' Rutgers-issued computer, Plaintiffs should be allowed to compare the documentation that Rutgers provided to the MCPO with the documents subpoenaed from Rutgers by the MCPO. However, these documents have already been provided in discovery. Specifically, the MCPO has provided all documents pertaining to its investigation of Plaintiff Goydos, and these documents have been produced in this action (see documents bearing bates mark numbers MCPO-00001 through MCPO-02704, and documents produced by Plaintiffs on June 19, 2025). Further, Plaintiffs have received documents from the New Jersey Computer Forensics Lab pertaining to the documents found on, *inter alia*, Plaintiff Goydos' work computer (see documents produced by Plaintiffs on June 19, 2025). Accordingly, all relevant documents

**JacksonLewis**

pertaining to this request have been produced. Plaintiffs' continued pursuit of an amended response to this document request is without basis.

*   *   *   *

We respectfully request that Your Honor issue a ruling regarding Plaintiffs' Interrogatory Nos. 19 and 20 and Plaintiffs' Document Request Nos. 5 and 16.

Additionally, pursuant to Your Honor's directive during the June 25, 2025 hearing regarding discovery disputes in this matter, on July 22, 2025, Plaintiffs served Rutgers with responses and objections to Rutgers' requests for Plaintiffs to produce documents identified during their depositions, as well as a supplemental document production. In its August 25, 2025 letter, Rutgers identified various deficiencies with respect to Plaintiffs' objections and supplemental production of documents (including with respect to Dr. Goydos' objections to producing his relevant communications with the New Jersey Board of Medical Examiners, Dr. Goydos' objections to providing a full and complete copy of his Amazon Orders history from 2010 to present, Plaintiff Martins' unilateral temporal limitation on the authorization for release of her medical and psychotherapy records from her relevant treating provider, and redactions made by Plaintiffs in their supplemental production). Plaintiffs have yet to respond to Rutgers' letter, but intend to do so shortly. Once Plaintiffs respond to Rutgers' August 25, 2025 letter, the parties intend to meet and confer in an effort to determine whether the parties can resolve any remaining disputes without Court intervention.

We thank Your Honor for your attention to this matter.

Respectfully submitted,

JACKSON LEWIS P.C.

*/s Cody C. Hubbs*
John K. Bennett
Robert J. Cino
Cody C. Hubbs

Cc: Shaun I. Blick, Esq. (Via ECF)
    Kara A. Findel, Esq. (Via ECF)